Arthur HOLLANDER, Appellant,

v.

AMERICAN CYANAMID CO., Appellee.

No. 120, Docket 89–7402.

United States Court of Appeals, Second Circuit.

Argued Sept. 27, 1989.

Decided Jan. 30, 1990.

39. *Id.*

43. *Cf.* 18 U.S.C. § 2518(9), (10) (1988).

Arthur Hollander, appellant pro se.

Albert Zakarian, Day, Berry & Howard, Hartford, Conn., for appellee.

Before OAKES, Chief Judge, and PIERCE and RUBIN,* Circuit Judges.

OAKES, Chief Judge:

Arthur Hollander appeals from a judgment of the United States District Court for the District of Connecticut, Warren W. Eginton, Judge, granting Hollander's former employer, American Cyanamid Company, summary judgment on Hollander's claims under the Age Discrimination in Employment Act, 29 U.S.C. §§ 623 et seq. (1982 & Supp. V 1987), and dismissing his Connecticut state law claim for tortious interference with a business expectancy. We affirm in part, vacate in part, and remand.

## BACKGROUND

In 1973, Hollander was hired by American Cyanamid as Manager of Management Engineering for its Lederele Laboratories and Davis & Geck Divisions in Pearl River, New York. By most indications, Hollander performed well in this capacity. From 1973 to 1980, he consistently received salary increases, bonuses, and stock options; company job evaluations noted that he "excels in several areas."

In 1981, American Cyanamid promoted Hollander to the position of Manager of Medical Devices at the Davis & Geck facility in Danbury, Connecticut. Hollander's duties in large part involved overseeing projects leading to the development of a skin stapler designed to replace traditional sutures and of a hemostat designed to prevent bleeding during operations. Hollander continued to enjoy solid job performance evaluations, with his 1980 rating giving him a "+" designation for "excel[ling] in several major areas"; with his 1981 rating reporting that he "excels in several major areas," although without the "+"; and with his 1982 rating stating that Hollander "achieves expected results." As a measure of his success, Hollander received additional bonuses and stock options during 1981 and 1982.

For some time, however, negative assessments of Hollander's interpersonal skills slightly tarnished the otherwise positive appraisals of his job performance. While for most categories Hollander was graded as either "consistently acceptable" or "superior," his ratings in both "communications" and "human relations" hovered somewhere between "consistently acceptable" and "needs improvement." Starting in 1982, company evaluations began to place increasing emphasis upon his problems in getting along with his co-workers. A 1982 progress report made specific mention of how Hollander's interpersonal difficulties impeded successful job performance.

In 1983, Hollander's job rating turned quite sour. He was said to need improvement in five categories—human relations, communications, personal development, leadership, and organization and staffing. Detailed written comments described his management style as so abrasive that it undermined employee morale and endangered project success. Hollander's overall job performance was evaluated as "needs improvement," the lowest of the three possible categories. Hollander's supervisors recommended finding him work elsewhere in the company, not involving interaction with other people.

On January 30, 1984, American Cyanamid relieved Hollander, then fifty-seven years old, of his responsibilities as Manager of Medical Devices. Hollander was retained for six months, while the company

* Of the United States Court of Appeals for the Fifth Circuit, sitting by designation.

unsuccessfully tried to locate him other work. He was discharged permanently on August 1, 1984. According to Hollander, he was replaced by Richard Augsbach and Felix Esposito, approximately one and eleven years younger than Hollander, respectively. Hollander contends that the unfavorable job evaluations were used to conceal American Cyanamid's desire to ease him out of the company because of his age.

On July 10, 1984, Hollander filed age discrimination complaints with the Connecticut Commission on Human Rights and Opportunities (CCHRO) and the Equal Employment Opportunity Commission (EEOC). In October 1984, Hollander contacted Ethicon, Inc., a rival medical device manufacturer, to seek employment. In his discussion with Ethicon, Hollander offered to show the company a film demonstrating the application of automation to suture manufacturing. The parties dispute whether the film contained proprietary information belonging to American Cyanamid. Ethicon subsequently contacted Robert Duckett, Hollander's former supervisor at American Cyanamid, regarding both the film and Hollander's application. On October 26, 1984, Gill Seal, Director of Operations with Davis & Geck, wrote Hollander, stating that the position Hollander was pursuing with Ethicon was inconsistent with a non-competition covenant Hollander had signed in 1973 and that Hollander's offer to show the film transgressed American Cyanamid's proprietary rights. Without mentioning the non-competition agreement, Ethicon wrote Hollander on October 22, 1984, to indicate that it would not be offering him a position.

On March 17, 1985, Hollander filed a second agency complaint, alleging that American Cyanamid had attempted to block Hollander's efforts to secure employment with Ethicon in retaliation for Hollander's filing of the initial discrimination complaints.

Neither the CCHRO nor the EEOC acted upon Hollander's complaints. Hollander then filed suit on August 23, 1985, in the United States District Court for the District of Connecticut, claiming that American Cyanamid discharged him in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 623(a)(1) (1982), and then retaliated against him for advancing his initial complaints before the state and federal agencies, also in violation of the ADEA. Hollander additionally contended that American Cyanamid's alleged retaliation amounted to a tortious interference with a business expectancy under Connecticut state law. Finally, Hollander charged that American Cyanamid's practices violated federal and state antitrust laws and state law prohibitions on unfair trade practices. Hollander subsequently dropped these latter three claims.

On March 23, 1989, the district court granted American Cyanamid's motion for summary judgment on the ADEA claims. As to Hollander's claim of a discriminatory dismissal, the district court held that Hollander had failed to produce any evidence tending to show a nexus between his age and the reason for his discharge. The district court also found Hollander's retaliation claim lacking in evidence linking American Cyanamid's conduct regarding Hollander's attempt to secure employment with Ethicon to Hollander's earlier filing of discrimination charges with the CCHRO and the EEOC. Finally, because Hollander's federal claims had been disposed of at summary judgment, the district court dismissed Hollander's remaining pendant state law claim as lacking a sufficient jurisdictional basis.

On appeal, Hollander challenges generally the grant of summary judgment in favor of American Cyanamid and specifically the district court's refusal to compel American Cyanamid to answer an interrogatory asking it to identify each management level employee over forty years old whose employment with the company had terminated since January 1, 1983. We agree with Hollander's assertion that the district court improperly restricted discovery and thereby prevented him from presenting evidence potentially helpful to his claim of discriminatory discharge. Consequently, we vacate summary judgment on the discriminatory discharge claim. On the other hand, notwithstanding the district court's errone-

ous refusal to compel, we find that it did properly grant summary judgment on the retaliation claim. Accordingly, we affirm in part, vacate in part, and remand.

## DISCUSSION

### A. *Discriminatory Discharge Claim*

Because Hollander is over forty years old, he falls within the class of individuals protected by the Age Discrimination in Employment Act. *See* 29 U.S.C. § 631(a) (Supp. V 1987). Under the ADEA it is unlawful for an employer to discharge an employee because of that employee's age. *See* 29 U.S.C. § 623(a)(1). Drawing from the Supreme Court's observation that the substantive prohibitions under the ADEA mirror those under Title VII of the Civil Rights Act of 1964, *see Lorillard v. Pons,* 434 U.S. 575, 584 & n. 12, 98 S.Ct. 866, 872 & n. 12, 55 L.Ed.2d 40 (1978), we have held that the evidentiary framework measuring discrimination under the ADEA borrows from Title VII case law. *See, e.g., Lowe v. Commack Union Free School Dist.,* 886 F.2d 1364, 1369 (2d Cir.1989); *Montana v. First Federal Savings & Loan Ass'n,* 869 F.2d 100, 103 (2d Cir.1989); *Pena v. Brattleboro Retreat,* 702 F.2d 322, 323–24 (2d Cir.1983); *Geller v. Markham,* 635 F.2d 1027, 1032 (2d Cir.1980), *cert. denied,* 451 U.S. 945, 101 S.Ct. 2028, 68 L.Ed.2d 332 (1981). In considering a disparate treatment claim, as presented in this case, we thus follow the three-step burden-shifting analysis set forth in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), and *Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). Under *McDonnell Douglas* and *Burdine,* the plaintiff first must establish a prima facie case of discrimination. The burden then shifts to the employer to counter the prima facie case by advancing a legitimate, non-discriminatory reason for its actions. The plaintiff in turn may attack the employer's explanation by showing evidence that the purported non-discriminatory reason was not true and in fact was a pretext for discrimination. *See Burdine,* 450 U.S. at 252–53, 101 S.Ct. at 2033–

34; *McDonnell Douglas,* 411 U.S. at 802–04, 93 S.Ct. at 1824–25.

In an ADEA action, the plaintiff establishes a prima facie case by showing that (1) he was within the protected age group; (2) he was qualified for the job; (3) he was discharged; and (4) the discharge occurred under circumstances giving rise to an inference of age discrimination. *See Pena,* 702 F.2d at 324. The district court correctly found that, for purposes of ruling on the motion for summary judgment, Hollander had established his prima facie case. Hollander was fifty-seven years old when discharged, was qualified to perform the job of Manager of Medical Devices, and his duties were allegedly assigned to two employees, one of whom was eleven years, and the other one year, younger than him. Likewise, the district court correctly found that American Cyanamid's burden of producing a legitimate, non-discriminatory explanation for the discharge was satisfied by its contention that Hollander's interpersonal difficulties necessitated his discharge.

The sticking point in this case comes when we reach the pretext stage of the disparate treatment analysis. In granting summary judgment to American Cyanamid, the district court found that Hollander had failed to advance beyond conclusory assertions in depicting American Cyanamid's explanation for his discharge as pretextual. Hollander has identified several items which he claims raise sufficient uncertainty regarding the reasons underlying his discharge as to preclude summary judgment at this stage. First, Hollander notes that although he consistently received over a ten-year period middling to subpar evaluations of his interpersonal skills, American Cyanamid continued to characterize his job performance favorably and award him a steady stream of salary increases, bonuses, and stock options. Only in late 1983, after Hollander had been with the company for ten consecutive years, he argues, did his employer perceive Hollander's alleged interpersonal deficiencies as a serious problem necessitating his dismissal. Second, according to Hollander, American Cyanam-

id's claim that Hollander's abrasive personality rendered him a liability is somewhat weakened by the inability of Robert Duckett, Hollander's supervisor at the time of his discharge, to testify during his deposition to a single instance in which Hollander's interpersonal difficulties compromised his job performance.

■ During discovery Hollander posed the following interrogatory to American Cyanamid: "Identify each management level employee who has terminated employment with you since January 1, 1983 and who at the time of the termination of his employment was over the age of 40, stating as to each the reason or reasons for the termination of employment." American Cyanamid objected to the interrogatory on grounds that the term "management employee" was vague and that the request was overbroad, seeking information pertaining to management employees throughout the company, and not merely those working in the Davis & Geck facility which had employed Hollander. Following the magistrate's brief ruling refusing to compel, Hollander objected. The district court in a similarly brief ruling upheld the magistrate's refusal to compel discovery, holding the magistrate's implicit finding that further discovery would be burdensome and irrelevant was not clearly erroneous.

We express no opinion as to whether the record, as evaluated by the district court, justifies its granting of summary judgment to American Cyanamid on Hollander's discriminatory discharge claim. Instead, we hold the district court's denial of Hollander's motion to compel an abuse of discretion. As this restriction upon Hollander's discovery unduly limited his ability to establish his argument that American Cyanamid's discharge of him was pretextual, we vacate summary judgment on the discriminatory discharge claim.

Because management of discovery lies within the discretion of the district court, an appellate court ordinarily will not disturb a district court's ruling on a discovery request absent an abuse of discretion. *See, e.g., Soobzokov v. CBS, Inc.,* 642 F.2d 28, 30 (2d Cir.1981); *Robertson v. National*

*Basketball Ass'n,* 622 F.2d 34, 35–36 (2d Cir.1980); *Lehigh Valley Indus. v. Birenbaum,* 527 F.2d 87, 93 (2d Cir.1975). Notwithstanding this substantial threshold, we find the district court erred in refusing to compel American Cyanamid to answer Hollander's interrogatory. Hollander's discovery request sought information regarding the termination of similarly situated persons, management personnel over forty years old, working for American Cyanamid. Although the request goes beyond the narrow confines of the Davis & Geck Danbury facility in which Hollander worked and pursues facts pertaining to American Cyanamid's employment practices more generally, it is relevant to Hollander's case.

It is well-settled that an individual disparate treatment plaintiff may use statistical evidence regarding an employer's general practices at the pretext stage to help rebut the employer's purported nondiscriminatory explanation. *See, e.g., McDonnell Douglas,* 411 U.S. at 804–05, 93 S.Ct. at 1825–26; *Lieberman v. Gant,* 630 F.2d 60, 68–69 (2d Cir.1980); *Logan v. St. Luke's–Roosevelt Hosp. Center,* 636 F.Supp. 226, 234 (S.D.N.Y.), *aff'd,* 805 F.2d 391 (2d Cir. 1986). Evidence relating to company-wide practices may reveal patterns of discrimination against a group of employees, increasing the likelihood that an employer's offered explanation for an employment decision regarding a particular individual masks a discriminatory motive. This case turns on the sincerity of American Cyanamid's claim that Hollander's abrasive personality justified his discharge, notwithstanding what Hollander depicts as American Cyanamid's prior fickle attitude towards this dimension of Hollander's job performance and the inability of a company supervisor to detail instances in which such problems impeded productivity. It is possible that Hollander's discovery request might uncover a pattern of older management employees leaving American Cyanamid under unexplained circumstances, which might help prove his claim that American Cyanamid's explanation for his discharge was pretextual.

Because employers rarely leave a paper trail—or "smoking gun"—attesting to a discriminatory intent, *see Ramseur v. Chase Manhattan Bank*, 865 F.2d 460, 464–65 (2d Cir.1989) (citing cases); *Dister v. Continental Group, Inc.*, 859 F.2d 1108, 1112 (2d Cir.1988), disparate treatment plaintiffs often must build their cases from pieces of circumstantial evidence which cumulatively undercut the credibility of the various explanations offered by the employer. Such determinations are, generally speaking, most competently and appropriately made by the trier of fact. So long as the plaintiff can present "solid circumstantial evidence" supporting his case, *see Clements v. County of Nassau*, 835 F.2d 1000, 1005 (2d Cir.1987), he should have the opportunity to prove his case at trial. The district court's refusal to compel an answer from American Cyanamid deprived Hollander of evidence potentially helpful to his attempt to assemble such a quantum of circumstantial evidence supporting his argument of pretext. Accordingly, we reverse the district court's denial of Hollander's motion to compel and vacate summary judgment on the discriminatory discharge claim. *See Cedillo v. International Ass'n of Bridge & Structural Iron Workers, Local Union No. 1*, 603 F.2d 7, 12 (7th Cir. 1979) (holding summary judgment improper in disparate treatment case when district court limited plaintiff's ability to discover information relevant to employer's motivation); *see also Diaz v. American Telephone & Telegraph*, 752 F.2d 1356, 1362–63 (9th Cir.1985) (holding summary judgment "patently inappropriate" when district court restricts plaintiff's ability to discover evidence necessary to establish disparate treatment prima facie case). At the same time, we note that if following the completion of discovery, the district court finds that Hollander has not established a genuine issue of material fact suggesting that American Cyanamid's discharge of Hollander was pretextual, it may enter summary judgment for American Cyanamid.

## B. *Retaliation Claim*

■ Hollander also challenges the district court's granting of summary judgment for American Cyanamid on his retaliation claim. To establish that an employer has unlawfully retaliated for an employee's having pursued a discrimination action, the employee must show that he was engaged in a protected activity; that the employer was aware of that activity; that there occurred an employment action adverse to the employee; and that there existed a causal connection between the protected activity and the adverse employment action. *See, e.g., Manoharan v. Columbia Univ. College of Physicians & Surgeons*, 842 F.2d 590, 593 (2d Cir.1988); *DeCintio v. Westchester County Medical Center*, 821 F.2d 111, 115 (2d Cir.), *cert. denied*, 484 U.S. 965, 108 S.Ct. 455, 98 L.Ed.2d 395 (1987); *Davis v. State Univ. of New York*, 802 F.2d 638, 642 (2d Cir.1986).

Hollander's contention that American Cyanamid retaliated against him by blocking his attempt in October 1984 to gain employment with Ethicon satisfies the first three elements necessary to show retaliation. First, he had instituted an agency complaint in July 1984 charging American Cyanamid with age discrimination. Second, American Cyanamid knew of his complaint. Third, several months later, in October 1984 Hollander applied for and was denied a position with Ethicon. Around the period in which Hollander's application was pending, American Cyanamid both communicated with Ethicon regarding Hollander and wrote Hollander a letter warning him, first, that his attempt to secure employment with Ethicon violated his non-competition covenant with American Cyanamid and, second, that his offer during the meeting with Ethicon to show it film of scientific processes violated American Cyanamid's proprietary interests in the processes.

■ Nonetheless, Hollander has not offered any evidence which would fulfill the final requirement of a causal nexus between his filing of the agency complaint, on the one hand, and American Cyanamid's October 26 letter and Ethicon's refusal to hire him, on the other. Hollander contends that the American Cyanamid official who wrote the October 26 letter, Gill Seal, exag-

gerated the limits Hollander's non-competition covenant placed upon his ability to undertake employment after leaving American Cyanamid. Even if true, this allegation proves only that Seal was incorrect in stating that Hollander could not work for Ethicon. More importantly, neither this allegation, nor any other evidence in the record, tends to show that a retaliatory motive explains American Cyanamid's October 26 letter. Likewise, Ethicon did not attribute its hiring decision to any actions undertaken by American Cyanamid.

Because of the lack of evidence demonstrating a causal nexus between Hollander's age discrimination complaint and any subsequent action taken towards him by American Cyanamid, we hold that the district court properly granted summary judgment on the retaliation claim. Our ruling requiring the district court to allow Hollander additional discovery on remand does not alter this aspect of our opinion. The discovery materials Hollander will be allowed to pursue pertain solely to the termination of older American Cyanamid management employees and are not relevant to Hollander's retaliation claim. *Cf. Davis*, 802 F.2d at 642 ("A finding of unlawful retaliation is not dependent on the merits of the underlying discrimination complaint.").

In sum, we find the district court's denial of Hollander's motion to compel discovery regarding the termination of management personnel an abuse of discretion and vacate the district court's grant of summary judgment to American Cyanamid upon Hollander's claim of discriminatory discharge. We affirm the district court's summary judgment grant on Hollander's retaliation claim. We also note that the district court's dismissal of Hollander's state law claim for tortious interference with a business expectancy rested on the premise that the lack of any remaining federal causes of action in the case rendered jurisdiction over the state law claim improper. Because we reinstate Hollander's challenge to his termination under the ADEA, the district court now has jurisdiction over the pendant state law claim.

Judgment in accordance with opinion.