104 F.3d 356
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Eddy Jean PHILIPPEAUX, Plaintiff-Appellant,
v.
FASHION INSTITUTE OF TECHNOLOGY, Defendant-Appellee.
 No. 96-7533.
 United States Court of Appeals, Second Circuit.
 Dec. 23, 1996.
 
 1
 Appeal from the United States District Court for the Southern District of New York (Shira A. Scheindlin, Judge).
 
 
 2
 APPEARING FOR APPELLANT: Eddy Jean Philippeaux, Pro Se, Queens Village, NY.
 
 
 3
 APPEARING FOR APPELLEE: Nancy L. Woodhouse-Sommer, Paul, Hastings, Janofsky & Walker LLP, New York, NY
 
 
 4
 S.D.N.Y.
 
 
 5
 AFFIRMED.
 
 
 6
 Before CARDAMONE, PARKER, Circuit Judges, and WEXLER,* District Judge.
 
 
 7
 This cause came to be heard on the transcript of record from the United States District Court for the Southern District of New York and was argued by appellant pro se and by counsel for appellee.
 
 
 8
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the order of the District Court be and it hereby is AFFIRMED.
 
 
 9
 Eddy Jean Philippeaux, pro se, appeals from the order of the District Court dated April 18, 1996 granting the Fashion Institute of Technology's ("FIT") cross-motion for summary judgment.
 
 
 10
 In June 1993, Eddy Jean Philippeaux, an African-American man, filed the underlying complaint against the Fashion Institute of Technology ("FIT") alleging that his expulsion from FIT was illegal retaliation under 42 U.S.C. § 1981 (" § 1981") based on the discrimination complaints he had filed against FIT with the New York Department of Education's New York Regional Office for Civil Rights ("OCR") and in federal court. Philippeaux amended his complaint twice, adding claims of retaliation under 42 U.S.C. § 2000d ("Title VI"), conspiracy under 42 U.S.C. § 1985,[2] and denial of due process under 42 U.S.C. § 1983.
 
 
 11
 Discovery was assigned to then Magistrate Judge Gershon. On May 12, 1995, she issued an order that denied Philippeaux's request for further discovery.
 
 
 12
 The district court properly granted summary judgment to FIT on the § 1981 and Title VI retaliation claims. Philippeaux failed to establish a prima facie case for retaliation under these statutes. To make out a prima facie case of retaliation, an individual must show: (1) engagement in protected activities; (2) defendant's knowledge of the protected activities; (3) adverse action by the defendant; and (4) a causal connection between the protected activities and the actions demonstrating a retaliatory motive. Van Zant v. KLM Royal Dutch Airlines, 80 F.3d 708, 714 (2d Cir.1996). Philippeaux failed to show that the actual decision-makers at FIT had knowledge of the complaints he filed with OCR and in federal court, DeCintio v. Westchester County Medical Center, 821 F.2d 11, 115 (2d Cir.), cert. denied, 484 U.S. 965 (1987).
 
 
 13
 In addition, Philippeaux failed to show that there was a causal connection between filing the complaints and his dismissal. In order to prove that a causal connection existed between a plaintiff's protected activities and the alleged retaliatory action by the defendant, the plaintiff must demonstrate either (1) the retaliatory action occurred close in time to the protected activities; (2) disparate treatment of similarly situated students; or (3) direct proof of retaliatory animus directed against the plaintiff. DeCintio, 821 F.2d at 115. Philippeaux failed to present any direct evidence of retaliatory animus or any disparate treatment. The ten-month time period between the protected activity and the alleged retaliatory action, without anything more, was not sufficiently close in time to create an inference of retaliation, see Hollander v. American Cyanamid Co., 895 F.2d 80, 85-86 (2d Cir.1990).
 
 
 14
 Furthermore, even assuming that Philippeaux did establish a prima facie case of retaliation, he failed to show that FIT's legitimate, non-discriminatory reason for his dismissal, that he had failed three classes and had a grade point average below 2.0, was a pretext for discrimination.
 
 
 15
 The district court also properly granted summary judgment to FIT on Philippeaux's § 1983 claim. Philippeaux failed to show that he was denied due process of law when he was expelled. Philippeaux does not have any protectible interest in remaining a student at FIT. See Board of Regents v. Roth, 408 U.S. 564, 569 (1972); Bernheim v. Litt, 79 F.3d 318, 323 (2d Cir.1996). In addition, even assuming that he did have a protectible interest, the procedures that FIT followed in dismissing Philippeaux comported with due process requirements.
 
 
 16
 Finally, the magistrate judge did not abuse her discretion in denying Philippeaux further discovery in her May 12, 1995 order. The record does not support Philippeaux's allegation that the defendant lied about producing documents or that the information contained in the documents would have defeated FIT's cross-motion for summary judgment.
 
 
 17
 We affirm the judgment of the district court.
 
 
 
 *
 Of the United States District Court for the Eastern District of New York, sitting by designation
 
 
 [2]
 This claim was dismissed by Judge Mukasey in June 1994, before this case was reassigned to Judge Scheindlin