**Helen J. STEINER, Plaintiff,**

v.

**Sprint and Diane CUSAAC, Gerard B. Arena, as Supervisors of Defendant Sprint and as Individuals, and Dave Lingardo, as Manager of Defendant Sprint and as an Individual, Defendants.**

No. 95 Civ. 8665 (JSR).

United States District Court,
S.D. New York.

April 4, 1997.

Helen J. Steiner, Yonkers, NY, pro se.

Dona S. Kahn, Anderson, Kill & Olick, New York City, for defendants.

*MEMORANDUM ORDER*

RAKOFF, District Judge.

Plaintiff has brought various claims under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 et seq., and under parallel provisions of state law. Defendants now move for summary judgment on plaintiff's claim alleging unlawful retaliation. Such a claim requires a plaintiff to show that a defendant took adverse employment action against the plaintiff because of plaintiff's protected activity. *See, e.g., Hollander v. American Cyanamid Co.,*

895 F.2d 80, 85 (2d Cir.1990). Even after construing every reasonable inference in her favor, plaintiff has failed to adduce admissible evidence of a causal connection sufficient to meet this burden.

 The record of undisputed facts before the Court shows that on April 19, 1991 plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") alleging age discrimination in connection with her demotion. The charge was settled by defendant's restoring plaintiff to her prior position. See Amended Complaint at ¶ 14. Some three years later, however, she was discharged by defendant—but on the basis of determinations made by persons other than those involved in the events that gave rise to the EEOC complaint. Although plaintiff alleges that "frequent and hostile actions" were directed at her "during the entire period" between 1991 and 1994, see Memorandum in Support of Plaintiff's Prima Facie Case of Retaliatory Discharge at 4, she offers no evidence of any such incident that postdates the filing of the EEOC complaint and that predates, at earliest, September, 1993. See Steiner Aff. At ¶¶ 9, 14, 32 and Ex. 4(b), 4(c), 4(d). The intervening passage of time between the April, 1991 EEOC complaint and the onset of any evidenced retaliation in September, 1993 is far too long to permit a reasonable fact-finder to infer a causal connection between the two situations from the mere fact that they involved the same company, given the utter absence of any other proof of linkage. See generally, Johnson v. Palma, 931 F.2d 203, 207 (2d Cir.1991). Thus, plaintiff has failed to make even a prima facie showing of a causal connection between her EEOC charge and her eventual dismissal. See generally McLee v. Chrysler Corp., 109 F.3d 130 (2d Cir.1997).

 Even if a prima facie case were assumed arguendo, the result would be the same, since defendants have made a facial showing of adequate nondiscriminatory reasons for plaintiff's discharge. See, e.g., Def. Exhs. C–G. While proof that these reasons were pretextual might support an inference of discrimination relevant to plaintiff's other claims, it could not, on these facts, reasonably give rise to an inference sufficient in itself to prove the otherwise entirely unproven causal connection between the 1994 discharge and the 1991 EEOC complaint. Cf. Guadagno v. Wallack Ader Levithan Assoc., 950 F.Supp. 1258 (S.D.N.Y.1997). The broad welcome that federal law accords circumstantial evidence does not open the door to groundless speculation.

Accordingly, defendant's motion for summary judgment on plaintiff's third cause of action (alleging retaliation), is granted. Defense counsel is directed to promptly initiate a telephone conference with plaintiff and the Court to schedule a trial date for the remaining claims.

SO ORDERED.