Gloria ROA, Plaintiff–Appellant,

v.

Norman MINETA, Secretary of Transportation, Defendant–Appellee,

Hugh McGinley, FAA Human Resources Management, Stephen P. Brienza, Employee Development Team Leader, Defendants.

Docket No. 01–6216.

United States Court of Appeals, Second Circuit.

Oct. 23, 2002.

Irene D. Thomas, New York, NY, for Plaintiff–Appellant.

Sandra L. Levy, Assistant United States Attorney (Alan Vinegrad, United States Attorney, on the brief; Deborah B. Zwany, Assistant United States Attorney, of counsel), Eastern District of New York, Brooklyn, NY, for Defendant–Appellee.

Present OAKES, STRAUB, Circuit Judges, and LORETTA A. PRESKA, Judge.*

### SUMMARY ORDER

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby **AFFIRMED.**

Plaintiff Appellant Gloria Roa appeals from a judgment of the United States District Court for the Eastern District of New York (Eugene F. Nickerson, *Judge*) granting summary judgment against Roa on all claims. We affirm.

### I.

In July 1991, Roa, a thirty-eight-year-old Hispanic female of Puerto Rican origin, began work in the Federal Aviation Administration ("FAA"), Eastern Region as a part-time Clerk Typist in the Human Resources Management Division, Employee Benefits and Classification Branch. This position was classified as Grade 4.

By November 1994, Roa had been promoted to Program Assistant, Grade 6, and had been reassigned to the Employee Development Branch. In that position, Roa performed tasks primarily connected with the administration of the "After–Hours" program, a tuition reimbursement program for FAA employees in the Eastern Region.

In November 1996, Roa asked her supervisor, Stephen Brienza, for an "accelerated promotion" pursuant to a recently enacted FAA personnel reform that eliminated "time in grade" restrictions on employee promotions. This change in policy meant that the promotion of a FAA employee to an available position at a higher grade level was no longer conditioned on that employee having attained at least one year's previous experience in the next lowest grade level. The procedures adopted by the FAA to implement the new accelerated promotions ("AP") program made such promotions applicable only to employees in developmental career-ladder positions that permitted non-competitive promotions to higher grades in the same series. Because Roa was not in a developmental career-ladder position that permitted non-competitive promotions to higher grades in the same series, she was

---

* The Honorable Loretta A. Preska, United States District Judge for the Southern District of New York, sitting by designation.

not eligible for promotion under the AP program.

In any event, Brienza responded to Roa's promotion request by telling her that she would not receive a promotion because the department was downsizing and that no one in the department would be receiving a promotion any time soon.

Three months later, Brienza assisted Roa in preparing a list of her duties for purposes of applying for an "accretion-of-duties" ("AOD") promotion—a promotion based on an employee's assumption of additional duties and responsibilities. An AOD promotion does not require that the employee be in a developmental career-ladder position. This list of duties was submitted to Classification Specialist Tonya Syphrett, who after reviewing it over the course of two months deemed Roa's duties equivalent to that of a Grade 7 Employee Development Assistant or a Grade 7 Employee Development Specialist. Although the titles are different, the salaries for the two positions are equivalent.

Syphrett's evaluation was in turn reviewed by Gloria Quay, Branch Manager of the Employee Development section. Quay decided to classify Roa as an Employee Development Assistant due to the "downsizing goals" of the National Partnership for Reinventing Government, which instructed the heads of executive departments and agencies to prepare plans for a reduction of at least 252,000 employees from the federal workforce. The Employee Development Branch was forced to reduce its budget and responsibilities accordingly. Roa was promoted to Grade 7 in March 1997.

However, because Roa believed that she was performing work higher than Grade 7, she informally sought another opinion. Through Julia Oyewo, a Regional Associate Program Manager, Roa sent a description of her duties to Carolyn McKinney, a Personnel Information Manager at the FAA Technical Center. McKinney replied, also through Oyewo, that she considered Roa's duties to be equivalent to Grade 11 or 12.

On April 17, 1997, after learning that another employee supervised by Brienza had received an AOD promotion to Grade 11, Roa filed a formal Equal Employment Opportunity Commission ("EEOC") complaint. This was actually the third EEOC complaint that Roa had filed; the prior two were resolved by a settlement agreement executed May 19, 1997. In her third complaint, Roa claimed that she requested a promotion in November 1996 and was denied it for a reason that she learned later was "false." Roa alleged that the FAA had illegally discriminated against her on the basis of national origin, race and age, and had also illegally retaliated against her for filing previous EEOC complaints.

On July 10, 1997, the FAA dismissed Roa's third complaint on the ground that the issues raised had been resolved by the May 1997 settlement agreement. Roa appealed to the EEOC, and on January 6, 1998, 149 days after filing her appeal to the EEOC, Roa filed an action in federal court. The EEOC appeal was dismissed on June 18, 1998.

The District Court, in a memorandum and order dated August 9, 2001, granted the FAA's motion for summary judgment on all of Roa's claims. The District Court reached the merits of Roa's claim because it found that Roa was not procedurally barred from bringing the action. The memorandum and order was amended on October 3, 2001 to correct a typographical error. Judgment was entered on October 16, 2001, and this timely appeal followed. We review a district court's grant of summary judgment de novo and apply the

same standard as the district court. *Graham v. Long Island R.R.*, 230 F.3d 34, 38 (2d Cir.2000). Summary judgment should only be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact." Fed. R.Civ.P. 56(c). While all evidence is viewed in the light most favorable to the non-moving party, *Roge v. NYP Holdings, Inc.*, 257 F.3d 164, 165 (2d Cir.2001), the non-moving party cannot evade summary judgment by asserting that unspecified disputed material facts exist or through speculation or conjecture. *W. World Ins. Co. v. Stack Oil, Inc.*, 922 F.2d 118, 121 (2d Cir.1990).

## II.

The District Court granted the FAA's motion for summary judgment on Roa's race and national origin claims after concluding that the facts did not support an inference of discrimination and thus Roa had failed to establish the fourth element of a prima facie case. We agree.

In order to establish a prima facie case of discriminatory failure to promote, the plaintiff must show, *inter alia*, that the circumstances of the adverse employment action give rise to an inference of discrimination. *Stern v. Trs. of Columbia Univ.*, 131 F.3d 305, 311–12 (2d Cir.1997). An inference of discrimination may be drawn from a showing that a similarly situated individual that is not in the plaintiff's protected class was more favorably treated. *Hargett v. Nat'l Westminster Bank, USA*, 78 F.3d 836, 839 (2d Cir.1996), *cert. denied*, 519 U.S. 824, 117 S.Ct. 84, 136 L.Ed.2d 41 (1996). To be deemed similarly situated, individuals must be similarly situated in all material respects. *Shumway v. United Parcel Serv., Inc.*, 118 F.3d 60, 64 (2d Cir.1997). What constitutes "all material respects" varies from case to case but requires a "reasonably close resemblance of facts and circumstances of plaintiff's and comparator's cases, rather than a showing that both cases are identical." *Graham*, 230 F.3d at 39.

■ Roa advances two failure-to-promote claims. Her first claim is based on the FAA's failure to promote her pursuant to the AP program. But because that program applied only to employees in developmental career-ladder positions that permitted non-competitive promotions to higher grades in the same series, and because Roa was not in such a position at the time she sought promotion, no inference of discrimination is permissible.

■ Roa's second failure-to-promote claim is based on her AOD promotion from Grade 6 to 7. Roa claims that although she and Lisa Luke—an African American woman eighteen years her junior—were similarly situated, Luke received an AOD promotion to a grade higher than that to which Roa was promoted. Although whether two individuals are indeed similarly situated is ordinarily a question of fact for a jury, *Graham*, 230 F.3d at 39, there is simply no genuine issue of material fact in this instance. Even though Roa and Luke worked in the same department and reported to the same supervisor, they were not similarly situated because their duties and responsibilities were materially different. Roa's duties were significantly less complex than Luke's and the scope of her position was much narrower. Because Roa presents no evidence that contradicts the description of the duties that she and Luke respectively performed, we affirm the District Court's grant of summary judgment against Roa on her race and national origin claim.

### III.

■ Roa next challenges the District Court's grant of summary judgment against Roa on her retaliation claim. The District Court found that Roa had not established a causal connection between Roa's prior filing of EEOC complaints and the FAA's denial of her promotion requests-the fourth element of a prima facie case of retaliatory discrimination, *Cosgrove v. Sears, Roebuck & Co.*, 9 F.3d 1033, 1039 (2d Cir.1993), *cert. denied*, 522 U.S. 1004, 118 S.Ct. 578, 139 L.Ed.2d 417 (1997). Again, we agree.

Although courts may infer a causal connection when an adverse action takes place shortly after the protected activity, *Manoharan v. Columbia Univ. Coll. of Physicians & Surgeons*, 842 F.2d 590, 593 (2d Cir.1988), we have affirmed summary judgment against the plaintiff when there was no evidence of causation other than timing. *Hollander v. Am. Cyanimid Co.*, 895 F.2d 80, 85–86 (2d Cir.1990), *cert. denied*, 528 U.S. 965, 120 S.Ct. 399, 145 L.Ed.2d 311 (1999). Roa's two previous EEOC complaints, filed in December 1994 and April 1995, occurred well before she was denied promotion at the end of 1996. The lengthy delay between the protected activity and the adverse employment action serves to negate any causal connection. Roa's third complaint, filed in April 1997, occurred after she was denied promotion. Because there is no other evidence of retaliatory animus, we agree with the District Court's grant of summary judgment against Roa on her retaliation claim.

### IV.

■ Finally, the District Court granted the FAA's motion for summary judgment on Roa's age discrimination claim on the ground that Roa failed to present evidence giving rise to an inference of discrimination. A plaintiff may fulfill the requirements of a prima facie case of age discrimination by showing that (1) she was a member of a protected class at the relevant time; (2) she applied and was qualified for an open position; (3) she suffered an adverse employment action; and (4) the adverse employment action occurred under circumstances giving rise to an inference of discrimination, such as being replaced by someone substantially younger. *Norton v. Sam's Club*, 145 F.3d 114, 118 (2d Cir.1998), *cert. denied*, 525 U.S. 1001, 119 S.Ct. 511, 142 L.Ed.2d 424 (1998). Although Roa arguably demonstrates the first three elements of the prima facie case, she fails to submit evidence sufficient to give rise to an inference of discrimination. The mere fact that Luke, a younger woman of a different race in her department, was promoted to a higher grade is insufficient, without more, to defeat summary judgment. *Id.* at 119. As previously discussed, Roa and Luke were not similarly situated. Because there is no other evidence, either concrete or circumstantial, that supports Roa's claim of age discrimination, we affirm the District Court's grant of summary judgment.

### V.

For all the reasons set forth above, the judgment of the District Court is hereby **AFFIRMED.**