Richard E. STONE, Plaintiff–Appellant,

v.

UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Defendant,

Manhattan and Bronx Surface Transit Operating Authority, Defendant,

NYC Transit, Defendant–Appellee.*

No. 08–2126–cv.

United States Court of Appeals, Second Circuit.

Oct. 27, 2009.

* The Clerk of the Court is directed to amend the official caption as set forth above.

Richard E. Stone, New York, NY, pro se.

Baimusa Kamara, New York City Transit Authority, Brooklyn, NY, for Appellee.

Present: GUIDO CALABRESI and RICHARD C. WESLEY, Circuit Judges, ALLYNE R. ROSS, District Judge.**

## SUMMARY ORDER

Plaintiff Richard E. Stone appeals from the district court's March 26, 2008 Opinion and Order, 539 F.Supp.2d 669, granting summary judgment to Defendant, Manhattan and Bronx Surface Transit Operating Authority ("MaBSTOA"). We presume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

The district court's decision to grant summary judgment is reviewed *de novo. Parker v. Columbia Pictures Indus.,* 204 F.3d 326, 332 (2d Cir.2000). In determining whether the grant of summary judgment was appropriate, we resolve all ambiguities, and draw all inferences, in favor of the nonmoving party. *Id.* This court affirms a grant of summary judgment when the record reveals no genuine issue of material fact. *Id.* For substantially the reasons stated by the district court, we find that summary judgment in favor of Defendant MaBSTOA was proper.

■ Claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C.

§§ 12101 *et seq.,* proceed under the familiar burden-shifting analysis articulated by *McDonnell Douglas* and its progeny. *See, e.g., Greenway v. Buffalo Hilton Hotel,* 143 F.3d 47, 52 (2d Cir.1998). Plaintiff failed to establish a prima facie case of discrimination under the ADA. *See Reeves v. Johnson Controls World Servs., Inc.,* 140 F.3d 144, 149–50 (2d Cir.1998). In any event, the undisputed proof establishes that Defendant would have dismissed Plaintiff, regardless of any impairment, for an independent nondiscriminatory reason.

■ We find Plaintiff's claim that the district court erred regarding its management of discovery to be unavailing. The district court did not abuse its discretion in directing Plaintiff to pay the costs of recording the depositions taken in this case. *See* Fed.R.Civ.P. 30(b)(3)(A); *Hollander v. Am. Cyanamid Co.,* 895 F.2d 80, 84 (2d Cir.1990). And, Plaintiff's allegations of judicial bias are clearly meritless, as disagreement with the court's rulings does not furnish a basis for such a claim. *See Liteky v. United States,* 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994).

The court has reviewed Plaintiff's remaining arguments and finds them to be without merit. Accordingly, the judgment of the district court is hereby **AFFIRMED.**