Meyer v. Shulkin

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of January, two thousand eighteen.

PRESENT:  DENNIS JACOBS,
                    PETER W. HALL,
                    CHRISTOPHER F. DRONEY,
                              Circuit Judges.

- - - - - - - - - - - - - - - - - - - - -X
JILL S. MEYER, M.D.,
          Plaintiff-Appellant,

          -v.-                                                        17-993

DAVID J. SHULKIN, SECRETARY,
DEPARTMENT OF VETERANS AFFAIRS,
          Defendant-Appellee,

- - - - - - - - - - - - - - - - - - - - -X

1

FOR PLAINTIFF-APPELLANT:      ALAN E. WOLIN, Wolin & Wolin;
Jericho, NY.


FOR DEFENDANT-APPELLEE:      RUKHSANAH L. SINGH, Assistant
United States Attorney (Varuni
Nelson, Assistant United States
Attorney, on the brief), for Bridget
M. Rohde, Acting United States
Attorney; Brooklyn, NY.


Appeal from a judgment of the United States District Court for the Eastern District of New York (Weinstein, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court is **AFFIRMED**.

Jill Meyer appeals from the judgment of the United States District Court for the Eastern District of New York (Weinstein, J.) dismissing her Complaint on summary judgment. Meyer alleges, under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 633a, that in 2012 she was not hired for a staff psychiatrist position at the New Jersey Veterans' Affairs Medical Center (the "NJ VA") because of her age and in retaliation for her protected Equal Employment Opportunity ("EEO") activity. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Meyer, born in February 1953, was employed as a psychiatrist at the NJ VA from December 1994 until she voluntarily resigned in February 2004. During that time, she filed eight EEO complaints. She received her medical degree from the University of Dominica (Ross University), but has never been board-certified in any area of medicine. The NJ VA announced vacancies for a staff psychiatrist in 2011 and 2012; Meyer applied in 2011, and her application rolled over into the selection pool for the two vacancies available in 2012. The vacancy announcement did not specify that board certification was a requirement for the position, but the doctors on the NJ VA's selection panel determined, prior to

2

reviewing applications, that they preferred board-certified candidates, whom they considered better qualified. Both board-certified and non-board-certified psychiatrists applied for the position; however, the selection panel chose to interview only board-certified applicants and hired two such psychiatrists aged 31 and 38.

Meyer filed an EEO Complaint with the VA alleging that her non-selection for the position was based on religion, age, and prior EEO activity. The VA EEO entered judgment in favor of the VA, which the Equal Employment Opportunity Commission affirmed. This litigation ensued.

We review <u>de novo</u> a district court's grant of summary judgment, <u>VKK Corp. v. Nat'l Football League</u>, 244 F.3d 114, 118 (2d Cir. 2001), "view[ing] the evidence in the light most favorable to the party opposing summary judgment, . . . draw[ing] all reasonable inferences in favor of that party, and . . . eschew[ing] credibility assessments." <u>Amnesty Am. v. Town of W. Hartford</u>, 361 F.3d 113, 122 (2d Cir. 2004) (citation and quotation marks omitted). Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56.

We analyze ADEA claims for age discrimination and retaliation under the burden shifting framework set forth in <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792 (1973). <u>See</u> <u>Bucalo v. Shelter Island Union Free School Dist.</u>, 691 F.3d 119, 129 (2d Cir. 2012). The plaintiff has the initial burden of establishing a prima facie case for age discrimination: "(1) that she was within the protected age group, (2) that she was qualified for the position, (3) that she experienced adverse employment action, and (4) that the action occurred under circumstances giving rise to an inference of discrimination." <u>Id.</u> (quoting <u>Gorzynski v. JetBlue Airways Corp.</u>, 596 F.3d 93, 107 (2d Cir. 2010)). To establish a prima facie case for retaliation under the ADEA, the plaintiff must show "(1) participation in a protected activity; (2) that the defendant knew of the protected activity; (3) an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action." <u>Id.</u> (quoting <u>Jute v. Hamilton Sundstrand Corp.</u>, 420 F.3d 166, 173 (2d Cir. 2005)). If the plaintiff establishes a prima facie case for age discrimination or retaliation, the burden shifts to the defendant to articulate "a legitimate, nondiscriminatory reason" for

the adverse employment action.  Id. at 132 (citation and internal quotation marks omitted).  If the defendant sustains that burden, the plaintiff must show that the proffered justification is pretextual.  Id.

There is no basis to infer age discrimination from Meyer's failure to obtain the staff psychiatrist position: she fails to identify any evidence that the reason the NJ VA did not hire her was her age; and she offers no support for her assertion that the NJ VA's preference for board-certified physicians was mere pretext for discrimination.  Meyer relies solely on the circumstances that the individuals hired were younger; but such conclusory allegations are insufficient to resist a motion for summary judgment.  See Delaney v. Bank of Am. Corp. 766 F.3d 163, 169-70 (2d Cir. 2014) (affirming summary judgment where employee failed to identify any admissible age-related evidence).  Accordingly, Meyer has failed to sustain her burden to show a prima facie case of age discrimination.

Regarding the retaliation claim, Meyer has failed to show a causal connection between her ADEA protected activity and her non-selection for the position.  A causal connection may be shown either "(1) indirectly, by showing that the protected activity was followed closely by discriminatory treatment, or through other circumstantial evidence such as disparate treatment of fellow employees who engaged in similar conduct; or (2) directly, through evidence of retaliatory animus directed against the plaintiff by the defendant."  Hicks v. Baines, 593 F.3d 159, 170 (2d Cir. 2010) (citation and internal quotation marks omitted).  On appeal, Meyer argues that she established temporal proximity because her application for the VA NJ staff psychiatrist position was the first opportunity presented to retaliate for her protected activities.

Temporal proximity between the protected activity and the adverse employment action "must be very close."  Clark Cnty. Sch. Dist. v. Breeden, 532 U.S. 268, 273 (2001) (citation and internal quotation marks omitted).  Meyer engaged in age-related protected activity when she filed an EEO complaint in 2003 that alleged (in part) age discrimination against the NJ VA.  See Meyer v. McDonald, 241 F. Supp. 3d 379, 394-95 (E.D.N.Y. 2017).[1]  Thus, approximately

---

[1] Meyer also engaged in protected ADEA activity when she filed an EEO complaint in 2009 alleging that the VA Medical Center in Syracuse, New York discriminated against her on the basis of age when it rescinded a conditional job

eight years elapsed between Meyer's EEO complaint and the claimed adverse employment action.  Eight years is much too long an interval to support a plausible inference of causation.  See, e.g., Breeden, 532 U.S. at 274 ("Action taken . . . 20 months later suggests, by itself, no causality at all."); Hollander v. Am. Cyanamid Co., 895 F.2d 80, 85-86 (2d Cir. 1990) (holding that three-and-a-half month period between the complaint and the adverse action was insufficient to show "causal nexus").  Furthermore, temporal proximity is not established simply because the NJ VA selection panel retaliated at the first opportunity; retaliation at the first opportunity is a valid consideration only if the temporal sequence is already close.  See Summa v. Hofstra Univ., 708 F.3d 115, 128 (2d Cir. 2013).  Meyer has failed to establish a prima facie case of retaliation.

We have considered Meyer's remaining arguments and conclude that they are without any merit.  The judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

---

offer.  However, the district court ruled that the NJ VA selection panel had no knowledge of the 2009 complaint and that Meyer could not rely on "mere corporate knowledge" to establish a causal connection.  Meyer, 241 F. Supp. 3d at 395 (citing Kwan v. Andalex Grp. LLC, 737 F.3d 834, 844 n. 4 (2d Cir. 2013).  Meyer does not contest this holding on appeal.