24-1741
*Gehlaut v. N.Y.C. Dep't of Educ.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of September, two thousand twenty-five.

PRESENT:
        RICHARD C. WESLEY,
        RICHARD J. SULLIVAN,
        MICHAEL H. PARK,
              *Circuit Judges*.

_____

DHARMVIR GEHLAUT,

              *Plaintiff-Appellant*,

              v.                                                    No. 24-1741

NEW YORK CITY DEPARTMENT OF
EDUCATION, KELLY JOHNSON, former
Principal of the Baccalaureate School of
Global Education,

*Defendants-Appellees.*

_____

For Plaintiff-Appellant:     BRYAN D. GLASS, Glass & Hogrogian LLP, New York, NY.

For Defendants-Appellees:     RICHARD DEARING, of counsel (Ingrid R. Gustafson, Shane Magnetti, of counsel, *on the brief*), *for* Muriel Goode-Trufant, Corporation Counsel of the City of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Ann M. Donnelly, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the February 8, 2024 judgment of the district court is **AFFIRMED**.

Dharmvir Gehlaut, a New York City public school teacher, appeals from a judgment of the district court dismissing his claims against the New York City Department of Education ("DOE") and his former supervisor alleging discrimination and retaliation under Title VII of the Civil Rights Act of 1964, the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"). We assume the parties' familiarity with the facts, procedural history, and issues on appeal.

We review *de novo* a district court's dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6), "accepting the allegations in the complaint as true and drawing all reasonable inferences in favor of the plaintiff." *Palmer v. Amazon.com, Inc.*, 51 F.4th 491, 503 (2d Cir. 2022). To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which would "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, the complaint "must 'raise a reasonable expectation that discovery will reveal evidence' of the wrongdoing alleged." *Citizens United v. Schneiderman*, 882 F.3d 374, 380 (2d Cir. 2018) (quoting *Twombly*, 550 U.S. at 570).

## I.    Discrimination Claims

Gehlaut, who is of Indian national origin and practices the Hindu faith, argues that the district court erred in concluding that he failed to plausibly allege discriminatory motive. Gehlaut's discrimination claims are based on a March 17, 2020 letter from his supervisor, Kelly Johnson, that reassigned him to a temporary non-teaching role (the "March Letter").[1] Gehlaut also bases his discrimination

---

[1] Gehlaut's complaint, which he filed on December 27, 2022, also alleges that Johnson and the

3

claims on disciplinary charges that the DOE allegedly served on him in June 2021. According to Gehlaut, the March Letter and June 2021 disciplinary charges followed derogatory comments that Johnson made to him in May and June of 2019. On appeal, Gehlaut maintains that Johnson's derogatory comments in mid-2019 support a plausible inference that his March 2020 reassignment and June 2021 disciplinary charges were due to his race, national origin, and/or religion. We disagree.

To state a claim for discrimination under Title VII, the plaintiff must plausibly allege "that the employer took adverse action against [him] at least in part for a discriminatory reason." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87 (2d Cir. 2015). A plaintiff may satisfy that pleading burden "by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." *Id.* at 87. Though "[t]he NYSHRL historically utilized the same standard[s] as Title VII, . . . it was

_____

DOE reassigned him in June 2019. Because Gehlaut filed his first charge with the Equal Employment Opportunity Commission ("EEOC") on July 20, 2020, and waited more than three years after the June 2019 reassignment before filing suit, we agree with Johnson and the DOE that Gehlaut's federal, state, and city claims based on that reassignment are untimely. *See* 42 U.S.C. § 2000e-5(e)(1) (300-day time limit to file an EEOC charge); N.Y. C.P.L.R. § 214(2) (three-year statute of limitations for NYSHRL claims); N.Y.C. Admin. Code § 8–502(d) (three-year statute of limitations for NYCHRL claims); N.Y. Educ. Law § 3813(2-b) (one-year statute of limitations for claims against the DOE).

4

amended in 2019 to align with the NYCHRL's more liberal pleading standard."

*Qorrolli v. Metro. Dental Assocs.*, 124 F.4th 115, 122–23 (2d Cir. 2024); *see* N.Y. Exec. Law § 300 ("The provisions of [the NYSHRL] shall be construed liberally for the accomplishment of the remedial purposes thereof, regardless of whether federal civil rights laws . . . have been so construed."). Employment discrimination claims brought pursuant to the NYCHRL require the plaintiff to plausibly allege that he was "treated less well than other employees because of" a protected characteristic. *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 110 (2d Cir. 2013) (internal quotation marks omitted).

The district court correctly determined that Gehlaut's complaint falls short of satisfying these standards. While it is true that Johnson ultimately conveyed the March Letter to Gehlaut, Gehlaut's complaint is devoid of any factual allegations suggesting that Johnson played a decision-making role in his March 2020 reassignment. In any event, Johnson's alleged derogatory comments were made approximately nine months before Gehlaut's March 2020 reassignment and almost two years before the filing of the disciplinary charges against him in June 2021. The isolated nature of Johnson's stray remarks, combined with the lack of temporal proximity between those comments on the one hand, and the

5

March 2020 reassignment and June 2021 disciplinary charges on the other, renders implausible any inference of discrimination. *See Espinal v. Goord*, 558 F.3d 119, 129 (2d Cir. 2009) (explaining that we "exercise [our] judgment about the permissible inferences that can be drawn from temporal proximity in the context of particular cases"); *Danzer v. Norden Sys., Inc.*, 151 F.3d 50, 56 (2d Cir. 1998) ("[S]tray remarks alone do not support a discrimination suit." (internal quotation marks omitted)).

## II. Retaliation Claims

Gehlaut also argues that the district court erred by concluding that he failed to plausibly allege the causation element of his claims for retaliation. Those claims arise out of the disciplinary charges filed against Gehlaut in June 2021, which followed Gehlaut's filing of a discrimination complaint against Johnson with the New York State Division of Human Rights ("SDHR") in July 2020. Gehlaut insists that the timing of the disciplinary charges alone supports a plausible inference that Johnson and the DOE retaliated against him for filing the SDHR complaint. Again, we disagree.

To state a claim for retaliation under Title VII, "the plaintiff must plausibly allege that: (1) defendants discriminated—or took an adverse employment

6

action—against him, (2) 'because' he has opposed any unlawful employment practice." *Vega*, 801 F.3d at 90 (quoting 42 U.S.C. § 2000e-3(a)). As with discrimination claims, we construe claims for retaliation under the NYSHRL "to align with the NYCHRL's more liberal pleading standard." *Qorrolli*, 124 F.4th at 123. And to state a claim for retaliation under the NYCHRL, a plaintiff must show that he took action opposing his employer's discrimination and that, as a result of his opposition, "the employer engaged in conduct that was reasonably likely to deter a person from engaging in such action." *Mihalik*, 715 F.3d at 112.

Gehlaut's complaint falls well short of alleging a plausible causal connection between his June 2020 SDHR complaint and the July 2021 disciplinary charges against him. Apart from a conclusory assertion that he "believe[s]" Johnson retaliated against him, J. App'x at 13 ¶ 18, the only factual support for causation alleged in Gehlaut's complaint is that the disciplinary charges were filed after he submitted the SDHR complaint. But when a plaintiff relies on temporal proximity alone to establish causation, courts "uniformly hold that the temporal proximity must be very close," which usually means less than three or four months. *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001) (internal quotation marks omitted). In the absence of other factual allegations supporting

7

causation, the approximately one-year period between Gehlaut's SDHR complaint and the disciplinary charges against him is far too long to support a plausible inference of causation under federal, state, and city law.[2] *See Hollander v. Am. Cyanamid Co.*, 895 F.2d 80, 85–86 (2d Cir. 1990) (declining to infer causation from a period of approximately three months between a protected activity and the employer's adverse action).

## III. Request for Leave to Amend

Finally, Gehlaut contends that the district court erred by denying him leave to file an amended complaint.   Gehlaut maintains that he "may be able to allege additional facts to state valid employment discrimination and retaliation claims" if he is permitted to amend his complaint.   Gehlaut Br. at 15.

But Gehlaut offers no explanation as to what facts could be pleaded to support a plausible inference that he was discriminated against because of a protected characteristic or that he was retaliated against for engaging in a

---

[2] Gehlaut contends that the relevant time period for purposes of assessing temporal proximity is closer to four months – *i.e.*, the time between when he received his right-to-sue letter from the EEOC on February 17, 2021, and when he was served with disciplinary charges in June 2021.   But even if we were to accept Gehlaut's framing, we would not, given the paucity of supporting factual allegations, conclude that the approximately four-month time period urged by Gehlaut is enough to create a plausible inference of causation in the context of this case.   *See Espinal*, 558 F.3d at 129 (observing that a court must "exercise its judgment" in determining whether to infer causation from temporal proximity).

protected activity.  We therefore see no reason to permit him to amend his complaint.

<p style="text-align:center">*    *    *</p>

We have considered Gehlaut's remaining arguments and find them to be without merit.[3]   Accordingly, we **AFFIRM** the judgment of the district court.

<div style="margin-left:50%">
FOR THE COURT:<br>
Catherine O'Hagan Wolfe, Clerk of Court
</div>

---

[3] Gehlaut also challenges the district court's conclusion that he failed to serve a timely notice of claim on the DOE under N.Y. Educ. Law. § 3813(1).  Because we agree that Gehlaut failed to otherwise state plausible claims for discrimination and retaliation, we need not consider whether he satisfied section 3813(1)'s notice requirement as to his state- and city-law claims against the DOE.