**Alice ALTIERI, Plaintiff–Appellant**

v.

**ALBANY PUBLIC LIBRARY, Jeffrey Cannell, Timothy Burke, Mary Coon, and Patrice Hollman, Defendants–Appellees.**

**No. 05–3638–cv.**

United States Court of Appeals, Second Circuit.

Feb. 1, 2006.

Alice Altieri, Menands, New York, for Appellant, pro se.

John E. Higgins, Albany, New York, for Appellee.

PRESENT: Honorable REENA RAGGI, Honorable PETER W. HALL, Circuit Judges, and Honorable EDWARD R. KORMAN, District Judge.[1]

## SUMMARY ORDER

*Pro se* plaintiff Alice Altieri appeals the dismissal of her Title VII complaint against Albany Public Library ("Albany" or the "library") for alleged retaliation in employment as a result of her having testified in support of a co-worker's discrimination lawsuit against the library. *See* 42 U.S.C.2000e–3(a).[2] We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

In moving for dismissal, Albany conceded that Altieri had engaged in protected activity, *see Cruz v. Coach Stores, Inc.,* 202 F.3d 560, 566 (2d Cir.2000). Nevertheless, it argued that Altieri failed to allege facts sufficient to demonstrate that she had sustained an adverse employment action or a causal connection between any such adverse action and her protected activity. *See Galabya v. New York City Bd. of Educ.,* 202 F.3d 636, 639 (2d Cir.2000). The district court agreed with the former argument and, thus, granted dismissal without reaching the latter.

"We review *de novo* the dismissal of a complaint for failure to state a claim, ac-

---

1. The Honorable Edward R. Korman, Chief Judge of the United States District Court for the Eastern District of New York, sitting by designation.

2. As the case caption indicates, Altieri also sued several named employees of the library. Altieri does not appeal the district court's dismissal of her Title VII claim against these individual employees. *See Patterson v. County of Oneida,* 375 F.3d 206, 221 (2d Cir.2004). Nor does she appeal its dismissal of her claims under the New York Human Rights Law. *See* Fed.R.Civ.P. 12(b)(1). Accordingly, we do not address these claims on this appeal. *See, e.g., United States v. Yousef,* 327 F.3d 56, 171 (2d Cir.2003).

cepting as true all facts alleged in the complaint and drawing all inferences in favor of the plaintiff." *Twombly v. Bell Atlantic Corp.*, 425 F.3d 99, 106 (2d Cir. 2005). While we may affirm an order of dismissal on any ground supported in the record, *see In re Certain Underwriter*, 294 F.3d 297, 302 (2d Cir.2002) we will not do so unless it appears beyond doubt that the plaintiff can prove no set of facts to support her claim for relief, *see Todd v. Exxon Corp.*, 275 F.3d 191, 197–98 (2d Cir.2001).

Preliminarily, we observe that, this term, the Supreme Court will consider whether a plaintiff suing for retaliation under Title VII must demonstrate that she sustained a specific adverse employment action or whether it will suffice to show that she was subjected to treatment reasonably likely to deter employees from engaging in protected activity. *See Burlington Northern & Santa Fe Ry. Co. v. White*, —— U.S. ——, 126 S.Ct. 797, 163 L.Ed.2d 626 (2005) (Mem.). We need not, however, delay resolution of this case pending the Supreme Court's ruling on this issue because, even assuming that Altieri's complaint sufficiently pleads an adverse employment action, she fails as a matter of law to plead the requisite causation.

To state a Title VII claim for retaliation, a plaintiff must plead a causal connection between the alleged change in her working conditions and her engagement in protected activity. *See Quinn v. Green Tree Credit Corp.*, 159 F.3d 759, 769 (2d Cir. 1998). To survive a motion to dismiss under Rule 12(b)(6), a Title VII complaint need not plead facts sufficient to defeat summary judgment. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002). At the pleading stage, we consider only whether "the factual predicate that is pleaded ... include[s unlawful discrimination] among the realm of plausible possibilities," *see Twombly v. Bell Atlantic Corp.*, 425 F.3d at 112, while remaining mindful of our particular obligation to read *pro se* pleadings liberally, *see Phillips v. Girdich*, 408 F.3d 124, 128 (2d Cir.2005).

Applying these principles to this case, we conclude that a causal connection cannot plausibly be inferred in this case because (1) nothing in Altieri's pleadings supports such an inference, and (2) a twenty-one month interval separates plaintiff's protected activity and the first action of alleged retaliation. In *Clark County Sch. Dist. v. Breeden*, the Supreme Court ruled that temporal proximity cannot support an inference of causal connection unless the alleged retaliatory action and the protected activity were "very close" in time. 532 U.S. 268, 273–74, 121 S.Ct. 1508, 149 L.Ed.2d 509 (2001). Indeed, in upholding an award of summary judgment for an employer, the Court concluded that action taken "20 months" after protected activity "suggests, by itself, no causality at all." *Id.* Applying this logic, our court has similarly ruled that no causal connection could be inferred from a two year gap between protected activity and constructive discharge, *see Richardson v. New York State Dep't of Corr. Servs.*, 180 F.3d 426, 447 (2d Cir.1999). In *Hollander v. American Cyanamid Co.*, 895 F.2d 80, 85–86 (2d Cir.1990), we concluded that even a three and one-half month interval between protected activity and alleged retaliation may be insufficient to establish a causal connection. Although the issue in this case is dismissal not summary judgment, the rationale of these cases prompts us to conclude that, where the complaint shows that the first alleged act of retaliation occurred twenty-one months after plaintiff's protected activity, and where nothing in plaintiff's pleadings, even liberally construed, suggest a plausible scenario of a causal connection between two events occurring so far apart, plaintiff's retaliation complaint

must be dismissed. To the extent plaintiff seeks to avoid this conclusion by urging us to focus on the shorter eleven-month interval between resolution of the co-worker's case in which she testified and the first alleged act of retaliation, the resolution date is not relevant because it does not define plaintiff's protected activity and otherwise suggest no basis for inferring a retaliatory motive. *See Clark County Sch. Dist. v. Breeden,* 532 U.S. at 273, 121 S.Ct. 1508.

The June 8, 2005 judgment of dismissal is hereby AFFIRMED.