**Sue Ellen MONCRIEF,**[1]
**Plaintiff–Appellant,**

v.

**The NEW YORK PUBLIC LIBRARY,
Astor Lenox, and Tilden Foundations,
Defendants–Appellees.**

No. 07–4468–cv.

United States Court of Appeals,
Second Circuit.

July 21, 2009.

Sue Ellen Moncrief, pro se, Reeders, PA, for Appellant.

Michael J. Lebowich, Proskauer Rose L.L.P., New York, NY, for Appellee.

PRESENT: GUIDO CALABRESI, PETER W. HALL, Circuit Judges, WILLIAM K. SESSIONS III,[2] District Judge.

---

1. The Clerk of the Court is directed to amend the official caption as indicated.

2. The Honorable William K. Sessions III Chief Judge of the United States District Court for the District of Vermont, sitting by designation.

628

### SUMMARY ORDER

Plaintiff–Appellant Sue Ellen Moncrief, *pro se*, appeals a judgment of the district court granting Defendant's motion for summary judgment, dismissing her claims of employment discrimination under Title VII, 42 U.S.C. § 2000e. Moncrief argues that the district court erred by dismissing as untimely her failure to promote claim, and determining that her wrongful termination and retaliation claims failed as a matter of law. She also argues that the district court failed to acknowledge or rule upon her discovery requests. Finally, Moncrief has moved for Fed.R.Civ.P. 11(b) sanctions against Defendant based on Defendant's alleged witness tampering in the district court, in violation of 18 U.S.C. § 1512. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

As a preliminary matter, because Moncrief does not challenge the district court's dismissal of her claim that Defendant stole her personal property, that claim is abandoned. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir.1995) (when a litigant, even if proceeding *pro se*, raises an issue before the district court but does not raise it on appeal, it is abandoned). Moreover, "an appellate court ordinarily will not disturb a district court's ruling on a discovery request absent an abuse of discretion." *Hollander v. American Cyanamid Co.*, 895 F.2d 80, 84 (2d Cir.1990). Because the record confirms that the district court not only considered Moncrief's discovery request, but even ordered Defendant to produce documents she had requested, the court did not abuse its discretion in managing discovery and Moncrief's claim of error is unavailing.

We review *de novo* orders granting summary judgment and focus on whether the district court properly concluded that there was no genuine issue as to any material fact and the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir.2003). In determining whether there are genuine issues of material fact, we are "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir.2003) (internal quotations omitted).

Moncrief's argument concerning the timeliness of her failure to promote claim is unavailing. To state a timely Title VII claim, a plaintiff must file a charge with the Equal Employment Opportunity Commission (EEOC) within 300 days of the allegedly discriminatory employment practice. 42 U.S.C. § 2000e–5(e)(1). The most recent date upon which Moncrief was denied a promotion was April 2002, and she filed her EEOC charge in May 2004, more than two years later. Therefore, this claim was time-barred, and the district court correctly dismissed it. *See Alleyne v. American Airlines, Inc.*, 548 F.3d 219, 220 (2d Cir.2008)(per curiam) (recognizing that, under 42 U.S.C. § 2000e–5(e)(1), a Title VII claim is timely where the EEOC charge was filed within 300 days of the alleged unlawful employment practice).

As to Moncrief's wrongful termination claim, we have held that to establish a *prima facie* case of Title VII discrimination, a plaintiff must show: (1)that she belonged to a protected class; (2)that she was qualified for the position she held; (3)that she suffered an adverse employment action; and (4)that the adverse employment action occurred under circumstances giving rise to an inference of discriminatory intent. *Feingold v. New York*, 366 F.3d 138, 152 (2d Cir. 2004). If a plaintiff succeeds in present-

ing a *prima facie* case, the burden then shifts to the employer to offer a legitimate, non-discriminatory basis for its actions. *Id.* (citing *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)). If the employer satisfies this burden, "the plaintiff must then come forward with evidence that the defendant's proffered, non-discriminatory reason is a mere pretext for actual discrimination." *Weinstock v. Columbia University,* 224 F.3d 33, 42 (2d Cir.2000).

■ Here, assuming, as the district court did, that Moncrief presented sufficient evidence to make out a *prima facie* case, Defendant satisfied its burden by demonstrating that Moncrief's security breach in October 2003, a legitimate, non-discriminatory rationale, justified her termination. Therefore, the burden shifted back to Moncrief to show that this reason was pretextual, and because she failed to produce any evidence in support of this argument, the district court's dismissal of this claim was appropriate.

■ Finally, because Moncrief's 2002 email—the basis of her retaliation claim— made no mention of racial discrimination, the district court correctly determined that she never participated in a protected activity, and therefore, her retaliation claim failed as a matter of law. *See Feingold,* 366 F.3d at 156 (to state a claim for retaliation under Title VII, a plaintiff must have participated in a protected activity). We have considered all of Moncrief's remaining claims of error and determined that they are without merit.

For the foregoing reasons, the judgment of the district court is **AFFIRMED.**

As a final matter, because Moncrief did not move for Rule 11 sanctions in the district court, and because, regardless, the record shows that Wright's settlement agreement placed no restrictions on his ability to testify, it is **ORDERED** that her motion be **DENIED.** *See Barr Laboratories, Inc. v. Abbott Laboratories,* 867 F.2d 743, 748 (2d Cir.1989), *overruled on other grounds by Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990), (application for Rule 11 sanctions must be made in the court where the abusive conduct occurred).