09-4597-cv
McIntyre v. Longwood Central School District

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1.  When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order").  A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 4th day of June, two thousand and ten.

PRESENT:

> JOSÉ A. CABRANES,
> ROBERT A. KATZMANN,
> DENNY CHIN,
> > *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DR. LEVI MCINTYRE,

> *Plaintiff-Appellant,*

v.                                                                 No. 09-4597-cv

LONGWOOD CENTRAL SCHOOL DISTRICT (LCSD), DR. ALLAN GERSTENLAUER, Superintendent of Schools, MIDDLE ISLAND ADMINISTRATORS ASSOCIATION (MIAA), KATHLEEN BRENNAN, Former MIAA President,

> *Defendants-Appellees.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR APPELLANT:**              Steven A. Morelli, Carle Place, New York.

1

**FOR APPELLEES:**                    Bradford A. Stuhler, Hauppauge, New York, *for defendants-appellees MIAA and Kathleen Brennan.*

Rondiene E. Novitz and Beth S. Gereg, Cruser, Mitchell & Novitz, Melville, New York, *for defendants-appellees LCSD and Allan Gerstenlauer.*

Appeal from an October 2, 2009 judgment of the United States District Court for the Eastern District of New York (Joseph F. Bianco, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the District Court's judgment is **AFFIRMED**.

Since 1993, plaintiff-appellant Levi McIntyre has served as the Principal of Longwood Junior High School in Middle Island, New York.  In 2007, he brought this action against the Longwood Central School District (LCSD); Allan Gerstenlauer, the Superintendent of Schools; the Middle Island Administrators Association (MIAA); and Kathleen Brennan, the MIAA's former President. He asserted various claims of discrimination and retaliation under 42 U.S.C. § 1981 and § 1983; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*; and provisions of New York law.  The District Court partially dismissed McIntyre's claims, *see McIntyre v. Longwood Cent. Sch. Dist.*, No. 07-CV-1337, 2008 WL 850263 (E.D.N.Y. Mar. 27, 2008), and granted summary judgment to defendants with respect to the remaining claims, *see McIntyre v. Longwood Cent. Sch. Dist.*, 658 F. Supp. 2d 400 (E.D.N.Y. 2009). McIntyre filed a timely appeal of those rulings.  We assume the parties' familiarity with the underlying facts, the procedural history of this action, and the issues raised on appeal.

We conduct a *de novo* review of an order dismissing claims pursuant to Federal Rule of Civil Procedure 12(b)(6).  In so doing we accept all factual allegations as true and draw all reasonable inferences in favor of the non-moving party.  *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003).  To survive a motion to dismiss under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

We also conduct a *de novo* review of an order granting summary judgment under Federal Rule of Civil Procedure 56.  In so doing we examine whether the District Court properly concluded that there were no genuine issues of material fact and that the moving party was entitled to judgment as a matter of law.  *See Miller*, 321 F.3d at 300.

McIntyre, a 59-year-old black male, alleges that he was discriminated against on the basis of race, age, or sex and, in the alternative, that he suffered retaliation for filing a complaint with the

2

Equal Employment Opportunity Commission (EEOC), when he received only a 17% raise under a collective bargaining agreement (CBA) negotiated by the MIAA with the LCSD. Other employees received raises ranging from 27-37%. As the District Court correctly found, however, McIntyre failed to make out a *prima facie* case of discrimination on any prohibited basis.

First, McIntyre failed to establish a causal relationship between his filing of the EEOC complaint in October 2004, alleging race discrimination on the part of former LCSD superintendent Candee Swensen, and the negotiation and signing of the CBA in the spring of 2006. *Schiano v. Quality Payroll Sys., Inc.*, 445 F.3d 597, 608 (2d Cir. 2006) (holding that in order to establish a *prima facie* case of retaliation, an employee must show "(1) she engaged in a protected activity; (2) her employer was aware of this activity; (3) the employer took adverse employment action against her; and (4) a causal connection exists between the alleged adverse action and the protected activity"). "This [C]ourt has not drawn a bright line to define the outer limits beyond which a temporal relationship is too attenuated to establish a causal relationship between the exercise of a federal constitutional right and an allegedly retaliatory action." *Gorman-Bakos v. Cornell Co-op Extension of Schenectady County*, 252 F.3d 545, 554 (2d Cir. 2001). However, the passage of over a year between the filing of the EEOC complaint and the allegedly retaliatory action, in combination with the facts that Swensen herself retired in 2005, and that plaintiff could point to no incidents between 2004 and early 2006 indicating that Swensen or any other LCSD employee harbored hostility toward him based on the filing of the EEOC complaint, support the District Court's conclusion that McIntyre had failed to make a *prima facie* showing of causation in support of his retaliation claim.[1] *See Gordon v. N.Y. City Bd. of Educ.*, 232 F.3d 111, 117 (2d Cir. 2000) (holding that in a retaliation claim, "proof of causation can be shown either: (1) indirectly, by showing that the protected activity was followed closely by discriminatory treatment, or through other circumstantial evidence such as disparate treatment of fellow employees who engaged in similar conduct; or (2) directly, through evidence of retaliatory animus directed against the plaintiff by the defendant").

Second, the undisputed facts do not support an inference that McIntyre was discriminated against on the basis of race, age, or sex in the adoption of the CBA. As the District Court noted, (1) McIntyre was the highest paid member of the MIAA before the CBA was negotiated, and he was

---

[1] The two conflicts that McIntyre argues show that certain LCSD employees felt an animus towards him based on the EEOC complaint were a dispute over a letter issued in 2005 by Brennan regarding attendance and the denial of McIntyre's request to attend a conference on sexual harassment. We see no error in the District Court's conclusion that these miscellaneous incidents, in which no reference was made to the EEOC complaint, did not provide evidence of retaliatory animus. *Cf., e.g., Hollander v. Am. Cyanamid Co.*, 895 F.2d 80, 85-86 (2d Cir. 1990) (finding that a former employer's misstatement concerning the limits of the plaintiff's non-competition covenant did not show the existence of a retaliatory motive).

the 13th highest paid junior high school principal in the county, while many of the other members of the MIAA were among the lowest paid employees in the county in their respective positions; (2) the only other black male member of the MIAA received the highest salary increase of the group; (3) the second-highest paid member of the MIAA after plaintiff, a white female who was at the same managerial level as McIntyre (and who was also, it happens, president of the MIAA) received essentially the same treatment he did; (4) three of the other four black members of the MIAA received the highest percentage, or near the highest percentage, salary increases; (5) the seven other male members of the MIAA received salary increases ranging from 36% to 43.5%; (6) the white male high school principal whom McIntyre alleges received a higher salary than he did was hired after the CBA was negotiated, and, moreover, is not similarly situated to the plaintiff in that he is principal of one of the largest high schools in the county; (7) the seven male administrators, five black administrators (excluding McIntyre), and one Hispanic administrator in the MIAA all received salary increases ranging from 33.2% to 43.5%; and (8) two of the four members of LCSD's negotiating team were males—one was a 56-year-old white female and one was a 62-year-old black female. Simply put, these undisputed facts establish no basis whatsoever for an inference that the less substantial salary increase received by McIntyre was the result of animus against him on the basis of his sex, race, or age. Most saliently, not only did other members of the protected groups to which McIntyre belongs not suffer similarly unfavorable treatment, in many cases they received especially high salary increases. *See Leibowitz v. Cornell Univ.*, 584 F.3d 487, 502 (2d Cir. 2009) (stating that among the circumstances that may give rise to an inference of discrimination is "more favorable treatment of employees not in the protected group").

Moreover, even if McIntyre had, contrary to these facts, established a *prima facie* case of discrimination, LCSD has articulated a legitimate, non-discriminatory reason for the pay schedule that was adopted: the need to bring the low salaries received by most LCSD administrators into line with those offered by other districts, while also ensuring that the salaries of higher-level administrators (such as McIntyre) remained below those received by senior management. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). Although McIntyre articulates various disagreements with the means adopted by the LCSD to attain this end, he has not shown that this reason is a pretext masking race, sex, or age discrimination. *See id.* at 804-05.

McIntyre's failure to adduce evidence showing that he was discriminated against on the basis of race, sex, or age is fatal not only to his Title VII and ADEA claims against the LCSD and Gerstenlauer, but also to his remaining claims against the MIAA and Brennan. Assuming, without deciding, that the MIAA is a "labor organization" within the meaning of Title VII or the ADEA, *see* 42 U.S.C. § 2000e(d), in order to establish a violation of Title VII or the ADEA by the MIAA, McIntyre would have to show, at a minimum, that the union breached its duty of fair representation and that its actions were motivated by discriminatory animus. *See Bugg v. Int'l Union of Allied Indus.*

4

*Workers*, 674 F.2d 595, 599 n.5 (7th Cir. 1982).  Given the fact that the pay scale adopted in the CBA does not reflect unfavorable treatment of any protected group to which McIntyre belongs, and given the absence of any other indicia of discriminatory intent on the part of the MIAA, McIntyre cannot establish that the labor organization breached its duty of fair representation in negotiating for the CBA.

McIntyre's failure to set forth a *prima facie* case of discrimination also vitiates his claim under 42 U.S.C. § 1981, which requires that he establish, *inter alia*, a discriminatory act.  *See Whidbee v. Garzarelli Food Specialties, Inc.*, 223 F.3d 62, 74-75 (2d Cir. 2000).  Similarly, his claims under 42 U.S.C. § 1983 against the MIAA and Brennan, which ultimately require him to show that his rights under the Equal Protection Clause were violated when he was treated differently than other similarly situated individuals on the basis of a prohibited ground, *see Cine SK8, Inc. v. Town of Henrietta*, 507 F.3d 778, 790 (2d Cir. 2007), must fail.

## CONCLUSION

For the foregoing reasons, the October 2, 2009 judgment of the District Court is **AFFIRMED**.

FOR THE COURT,

Catherine O'Hagan Wolfe, Clerk of Court

5