09-4468-cv
Alam v. HSBC Bank USA, N.A.

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to summary orders filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the twenty-eighth day of June, two thousand and ten.

PRESENT:

RALPH K. WINTER,
JOSÉ A. CABRANES,
RICHARD C. WESLEY,
            *Circuit Judges.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

MANSOOR ALAM,

            *Plaintiff-Appellant*,

            v.                                                    No. 09-4468-cv

HSBC BANK USA, N.A., formerly known as
Republic National Bank of New York,

            *Defendant-Appellee.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR PLAINTIFF-APPELLANT:**        Mansoor Alam, *pro se*, Farmingdale, NY.

**FOR DEFENDANT-APPELLEE:**        Meredith Leigh Friedman, HSBC Bank USA, N.A.,
                                                    Office of the General Counsel, New York, NY.

Appeal from a September 28, 2009 judgment of the United States District Court for the Southern District of New York (Laura Taylor Swain, *Judge*).

1

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

*Pro se* plaintiff Mansoor Alam, a 65-year old Muslim male, brought this action against defendant, HSBC Bank USA., N.A. ("HSBC"), alleging retaliation and discrimination based on his age and religion in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.* during his employment with and as a result of his termination by HSBC on August 4, 2005. The District Court granted summary judgment for HSBC on September 28, 2009. Alam filed a timely appeal of that order. We assume the parties' familiarity with the facts, procedural history and issues raised on appeal.

We review orders granting summary judgment *de novo*, and we will affirm only if the record, viewed in the light most favorable to the nonmoving party, reveals no genuine issue of material fact. *See* Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *Redd v. Wright*, 597 F.3d 532, 535-36 (2d Cir. 2010). We analyze these discrimination claims using the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973). *See Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 105-06 (2d Cir. 2010) (holding that the burden-shifting framework for ADEA cases remains binding after *Gross v. FBL Fin. Servs.*, 129 S. Ct. 2343 (2009)).

Having conducted an independent and *de novo* review, we hold, for substantially the reasons stated by the District Court in its well-reasoned opinion, *see Alam v. HSBC Bank U.S.A., N.A.*, No. 07 Civ. 3450, 2009 WL 3096293 (S.D.N.Y. Sept. 28, 2009), that Alam failed to demonstrate that HSBC's non-discriminatory, legitimate business reasons for the alleged discriminatory employment actions were a pretext for discrimination. *See Texas Dep't of Cmty. Affairs v. Burdine,* 450 U.S. 248, 254-55 (1981); *McDonnell Douglas Corp*, 411 U.S. at 802-04; *see also Fisher v. Vassar*, 70 F.3d 1420, 1433 (2d Cir. 1995) ("[T]he plaintiff must also prove by a preponderance of the evidence that defendant's stated reason is 'a pretext for discrimination' . . . [by] establish[ing] 'both that the reason was false, and that discrimination was the real reason.'" ).

We also conclude, for substantially the reasons stated by the District Court, that Alam was unable to establish a *prima facie* case of retaliation. *See Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001) (holding that the two events must be "very close," and that a proximity of three months or more was insufficient); *Morris v. Lindau*, 196 F.3d 102, 113 (2d Cir. 1999) (four-month delay insufficient); *Hollander v. Am. Cyanamid Co.*, 895 F.2d 80, 84-85 (2d Cir. 1990) (three-month delay insufficient). Even if Alam were able to establish a *prima facie* case, we hold that Alam failed to proffer any material evidence, from which a rational fact-finder could conclude that HSBC's legitimate, non-discriminatory reasons for its actions were pretextual.

## CONCLUSION

We have considered each of Alam's arguments on appeal and conclude that they are without merit. Accordingly, for the foregoing reasons the judgment of the District Court is **AFFIRMED**.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

2