15-233-cv
*Riddle v. Citigroup, et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A S UMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of February, two thousand sixteen.

PRESENT:   BARRINGTON D. PARKER,
                    DENNY CHIN,
                    SUSAN L. CARNEY,
                              *Circuit Judges*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

BEVERLY A. RIDDLE,

                              *Plaintiff-Appellant*,

                    v.                                                    15-233-cv

CITIGROUP, CITIBANK NA, CITIGROUP GLOBAL
MARKETS INC., CITI,

                              *Defendants-Appellees*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:          Beverly A. Riddle, *pro se*, New York, NY.

FOR DEFENDANTS-APPELLEES:        Ira G. Rosenstein (Daniel A. Kadish, *on the brief*), Morgan, Lewis & Bockius LLP, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Hellerstein, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Beverly A. Riddle ("Riddle"), proceeding *pro se*, appeals the district court's dismissal, pursuant to Federal Rule of Civil Procedure 12(b)(6), of her complaint, which asserted claims of discrimination and retaliation pursuant to Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (the "ADA"), the Age Discrimination in Employment Act (the "ADEA"), and state and city law. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

"We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). The complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although we must accept as true all the factual allegations in the complaint, that requirement is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

Riddle has waived her claims of discrimination based on disability, race, age, and gender because she fails to argue them in her brief. *See* Fed. R. App. P. 28(a)(6) and (a)(8); *see also LoSacco v. City of Middletown*, 71 F.3d 88, 92-93 (2d Cir. 1995). Accordingly, we do not consider the district court's dismissal of those claims.

We conclude that the district court correctly dismissed Riddle's retaliation claim. For a retaliation claim to survive a motion to dismiss, "the plaintiff must plausibly allege that: (1) defendants discriminated -- or took an adverse employment action -- against [her], (2) 'because' [s]he has opposed any unlawful employment practice." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 90 (2d Cir. 2015). To plead causation, the plaintiff must "plausibly plead a connection between the [adverse] act and h[er] engagement in protected activity." *Id.* Moreover, the plaintiff must allege that the retaliation was the "but-for" cause of the employer's adverse action, *i.e.*, that "the adverse action would not have occurred in the absence of the retaliatory motive." *Id.* at 90-91 (quoting *Zann Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 846 (2d Cir. 2013)). It is not sufficient for the retaliation to have been "a 'substantial' or 'motivating' factor in the employer's decision." *Id.*

Here, Riddle's allegations do not support a claim of retaliation. While she alleged that she was retaliated against for filing a previous employment discrimination lawsuit and EEOC charge, she alleged no facts to support a causal connection between Citigroup's failure to hire her and her prior complaints other than temporal proximity.

Although temporal proximity between protected activity and adverse employment action can support an inference of discriminatory intent, *see Gorman-Bakos v. Cornell Coop. Extension of Schenectady Cty.*, 252 F.3d 545, 554 (2d Cir. 2001), the Supreme Court has suggested that "the temporal proximity must be 'very close,'" *Clark Cty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001). *See Vega*, 801 F.3d at 90 (retaliatory purpose can be shown indirectly by timing of protected activity if activity was "followed closely in time by adverse employment action" (citing *Cifra v. Gen. Elec. Co.*, 252 F.3d 205 , 217 (2d Cir. 2001)). Here, Riddle filed her EEOC charge in April 2008 and her first discrimination lawsuit in June 2009; she submitted online job applications to Citigroup starting in October 2010. This gap of some sixteen months is too long to support a retaliation claim based solely on temporal connection. *Compare Littlejohn v. City of N.Y.*, 795 F.3d 297, 319-20 (2d Cir. 2015) ("Littlejohn's allegations that the demotion occurred within days after her complaints of discrimination are sufficient to plausibly support an indirect inference of causation."), *with Hollander v. Am. Cyanamid Co.*, 895 F.2d 80, 86 (2d Cir. 1990) (holding that the "lack of evidence demonstrating a causal nexus between [plaintiff's] age discrimination complaint and any subsequent action taken towards him" precluded his claim where the only evidence of causation was a three-and-a-half-month lapse between complaint and adverse action).

Moreover, we "exercise [our] judgment about the permissible inferences that can be drawn from temporal proximity in the context of particular cases." *Espinal v.*

*Goord*, 558 F.3d 119, 129 (2d Cir. 2009). Here, Riddle has provided no context for her retaliation claim other than the fact that she applied for and was rejected for jobs after suing Citigroup. The district court explained this deficiency to her and granted her leave to amend, but Riddle did not correct her pleading. For these reasons, Riddle did not plead enough facts to state a retaliation claim.[1]

We have considered all of Riddle's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] The district court did not separately discuss Riddle's state and city law claims. While state law is coextensive with Title VII, the New York City Human Rights Law requires an independent analysis. S*ee Mihalik v. Credit Agricole Cheuvreux North Am., Inc.*, 715 F.3d 102, 108-09 (2d Cir. 2013). Riddle's claims still fail under the broader city law.