15-2698-cv
*Dhar v. City of New York*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of July, two thousand sixteen.

PRESENT:  JOSÉ A. CABRANES,
                  CHRISTOPHER F. DRONEY,
                           *Circuit Judges*,
                  JEFFREY ALKER MEYER,
                           *District Judge.*\*

---

PRABIR DHAR,

                  *Plaintiff-Appellant,*                    15-2698-cv

                  v.

CITY OF NEW YORK, NEW YORK CITY DEPARTMENT
OF TRANSPORTATION (NYC DOT), MR. BOJIDAR
YANEV, Administrative Engineer & Executive
Director, NYC DOT BRIDGE INSPECTION AND
MANAGEMENT (NYC DOT BI), MR. JYOTISH SHAH,
Administrative Engineer & Director, NYC DOT BI,
THIRUGNANAM MOHAN, Civil Engineer, NYC DOT
Bridge Inspection and Management (NYC DOT BI),
MR. RADU GEORGESCU, Assistant Civil Engineer,
NYC DOT, Bridge Inspection and Management

---

 \* The Honorable Jeffrey Alker Meyer, of the United States District Court for the District of Connecticut, sitting by designation.

(NYC DOT BI), MS. SHAKERA KHANDAKAR, Assistant Corporate Counsel, NYC Law Department, the City of New York, ERICA CARAWAY, JOHN AND JANE DOE, said names being fictitious, the persons intended being those aided and abetted the unlawful conduct of the named Defts,

*Defendants-Appellees.*

---

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Prabir Dhar, *pro s*e, Elmhurst, NY. |
| **FOR DEFENDANTS-APPELLEES:** | Deborah A. Brenner, Janet L. Zaleon, *of counsel*, *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, NY. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Eric N. Vitaliano, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiff-appellant Prabir Dhar ("Dhar"), proceeding *pro se*, appeals from the July 27, 2015 judgment of the District Court, dismissing with prejudice his complaint for employment discrimination and retaliation.[1] We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review the grant of a motion to dismiss *de novo*, accepting as true all factual claims in the complaint and drawing all reasonable inferences in the plaintiff's favor." *Fink v. Time Warner Cable*, 714 F.3d 739, 740–41 (2d Cir. 2013). To survive a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a court must accept as true all factual allegations in the complaint, that requirement is "inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Dhar proceeds *pro se*, we "interpret

---

[1] Dhar alleged claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a) ("Title VII"); the New York State Human Rights Law, N.Y. Exec. Law § 296; the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107(1)(a); the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101; the Occupational Safety and Health Act of 1970, 29 U.S.C. § 651; the New York State Public Employees Safety and Health Act, N.Y. Lab. Law § 27-a; and the False Claims Act, 31 U.S.C. § 3729.

his papers liberally to raise the strongest arguments that they suggest." *Willey v. Kirkpatrick*, 801 F.3d 51, 62 (2d Cir. 2015) (internal quotation marks omitted).

We analyze retaliation claims under the familiar burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). To state a *prima facie* claim of retaliation, a plaintiff must show "(1) participation in a protected activity; (2) that the defendant knew of the protected activity; (3) an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action." *Littlejohn v. City of New York*, 795 F.3d 297, 316 (2d Cir. 2015) (internal quotation marks omitted). To withstand a motion to dismiss, a plaintiff must identify a protected activity and an adverse employment action and plead facts sufficient to "give plausible support to a minimal inference of discriminatory motivation." *Id.* at 311.

We agree with the District Court that Dhar's allegations do not support a claim of retaliation. Dhar alleged that he suffered retaliation for filing complaints against defendants in federal court. *See* 42 U.S.C. § 2000e-3(a). Although this is a protected activity of which defendants were aware, Dhar failed to allege a sufficient causal connection between that activity and the alleged adverse employment actions—namely, his June 2014 negative performance evaluation and his July 2014 suspension without pay. Instead, Dhar has alleged only temporal proximity between those events.

While temporal proximity can support an inference of retaliation for purposes of establishing a *prima facie* case, the proximity must be "very close." *Abrams v. Dep't of Pub. Safety*, 764 F.3d 244, 254 (2d Cir. 2014) (internal quotation marks omitted). Here, Dhar filed complaints in 2010 and 2012; the purported retaliation occurred in 2014.[2] Even if we take into account Dhar's arguments that defendants' knowledge of the protected activity did not occur until June 2011 (when they were served with the first complaint), and that Dhar's suspension in July 2014 stemmed from events that occurred in March 2012, the temporal gaps are too great to raise a plausible inference of discrimination. *See, e.g.*, *Clark Cty. Sch. Dist. v. Breeden*, 532 U.S. 268, 274 (2001) ("Action taken . . . 20 months later suggests, by itself, no causality at all."); *Hollander v. Am. Cyanamid Co.*, 895 F.2d 80, 85–86 (2d Cir. 1990) (holding that there was insufficient evidence of a "causal nexus" when the only evidence was temporal and there was a three-and-a-half-month lapse between the complaint and the alleged adverse action).

---

[2] Although Dhar was not suspended until 2014, the suspension process was initiated on July 18, 2013. Even assuming that the retaliatory act took place in July 2013 and not when Dhar was actually suspended, however, we would still find the resulting ten-month gap too great.

**CONCLUSION**

We have reviewed the remaining arguments raised by Dhar on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the order of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk