18-1753-cv
Burke v. New York City Transit Auth. et al.

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of February, two thousand nineteen.

PRESENT:     RAYMOND J. LOHIER, JR.,
            SUSAN L. CARNEY,
            RICHARD J. SULLIVAN,
                 *Circuit Judges.*
------------------------------------------------------------------

BRIAN BURKE,

            *Plaintiff-Appellant*,

        v.                                              No. 18-1753-cv

NEW YORK CITY TRANSIT AUTHORITY; KRISTEN
M. NOLAN, ESQ., NYCTA; LEONARD AKSELROD;
NYP HOLDINGS, INC., DBA NEW YORK POST;
KATHIANNE BONIELLO,

            *Defendants-Appellees*,

JOHN/JANE DOE ET AL.,

            *Defendants*.

---

FOR PLAINTIFF-APPELLANT:                    BRIAN BURKE, pro se, New York,
                                            NY.

FOR DEFENDANTS-APPELLEES                    Daniel Chiu, New York City
NEW YORK CITY TRANSIT                       Transit Authority, Brooklyn,
AUTHORITY, KRISTEN M. NOLAN,                NY.
and LEONARD AKSELROD:

FOR DEFENDANTS-APPELLEES                    GEOFFREY S. BROUNELL (Robert
KATHIANNE BONIELLO and NYP                  D. Balin, *on the brief*), Davis
HOLDINGS, INC., DBA NEW YORK                Wright Tremaine LLP, New
POST                                        York, NY.

Appeal from a judgment of the United States District Court for the Eastern

District of New York (Eric N. Vitaliano, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND

DECREED that the judgment of the District Court is AFFIRMED.

Appellant Brian Burke, pro se, sued his former employer, the New York City

Transit Authority (NYCTA), and several of its employees under various federal and

state statutes and state common law.   He alleged that NYCTA officials orchestrated a

harassment campaign against him for being a "whistleblower" and that the New York

Post and one of its reporters (collectively, the "Post Defendants") published a

defamatory article about his lawsuit against NYCTA.   The District Court (Vitaliano, J.)

dismissed Burke's complaint for failure to state a claim but allowed him to amend his

complaint with respect to his discrimination and retaliation claims.   Burke filed a second amended complaint, which the District Court also dismissed.   We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

We review de novo a district court's dismissal of a complaint pursuant to Rule 12(b)(6), accepting all factual allegations as true, drawing all reasonable inferences in the plaintiff's favor, and interpreting the pleadings and briefs submitted by pro se litigants to raise the strongest arguments that they suggest.   See Harris v. Mills, 572 F.3d 66, 71-72 (2d Cir. 2009).   The complaint must plead "enough facts to state a claim to relief that is plausible on its face."   Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

I.   Title VII and ADA Claims

A.   Disparate Treatment

To state a claim of disparate treatment discrimination under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e-2 et seq., or the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12101 et seq., a plaintiff must allege an adverse employment action that occurred under circumstances giving rise to an inference of discrimination.   See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802

(1973); Littlejohn v. City of New York, 795 F.3d 297, 311 (2d Cir. 2015). To state an ADA claim, the plaintiff must also show that he is disabled within the meaning of the ADA. Sista v. CDC Ixis N. Am., Inc., 445 F.3d 161, 169 (2d Cir. 2006). Burke alleged that he wears eyeglasses as an accommodation for his myopia and photophobia.

The District Court properly dismissed Burke's disparate treatment claims arising from events in April 2014 because he failed to allege any resulting adverse employment action. See Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 85 (2d Cir. 2015). In particular, although Burke alleged that defendants Kristen Nolan and Leonard Akselrod ordered NYCTA supervisors to harass him over a two-day period, he failed to allege that he was ever disciplined or had his job responsibilities or benefits reduced because of his disability. See Galabya v. N.Y.C. Bd. of Educ., 202 F.3d 636, 640 (2d Cir. 2000). Nor did Burke adequately allege that any harassment he suffered due to his religion constituted more than "mere inconveniences or annoyances," see Vega, 801 F.3d at 89, or materially altered the terms and conditions of his employment, see Galabya, 202 F.3d at 640.

B. Hostile Work Environment

Assuming without deciding that a hostile work environment claim is cognizable under the ADA, we do not view Burke's complaint, even when read liberally, as

adequately alleging such a claim arising from the same events in April 2014.[1]   See Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007).   In any event, because an ADA hostile work environment claim would also require that Burke show that the treatment he received was "sufficiently severe or pervasive to alter the conditions of his employment," Dollinger v. N.Y. State Ins. Fund, 726 F. App'x 828, 831 (2d Cir. 2018) (quoting Tolbert v. Smith, 790 F.3d 427, 439 (2d Cir. 2015)), the claim would fail for the same reasons as his Title VII harassment claim.

### C.  Retaliation

We conclude that the District Court properly dismissed Burke's Title VII retaliation claims, which require "a causal relationship between [a] protected activity and the adverse employment action."   Hicks v. Baines, 593 F.3d 159, 166 (2d Cir. 2010). Burke argues that there was sufficient temporal proximity between the filing of his original federal complaint in March 2015 and his May 2016 termination.   We agree with the District Court that the year-long lapse is too long to show causation under the circumstances.[2]   See Hollander v. Am. Cyanamid Co., 895 F.2d 80, 85–86 (2d Cir. 1990).

---

[1] See Dollinger v. N.Y. State Ins. Fund, 726 F. App'x 828, 831 (2d Cir. 2018).

[2] Burke alternatively argues that he was constructively discharged in April 2015, only weeks after filing his lawsuit.   We do not consider this argument because he first raised it on appeal. See Virgilio v. City of New York, 407 F.3d 105, 116 (2d Cir. 2005).

Burke also alleges that the NYCTA stole over $30,000 from him as retaliation for filing the instance case. But Burke provides no other facts—such as when the money was earned or when it went missing—supporting this "naked assertion" of retaliation. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

II. Defamation

The District Court also properly dismissed Burke's defamation claims against the Post Defendants. In New York, "[a] civil action cannot be maintained against any person, firm or corporation, for the publication of a fair and true report of any judicial proceeding, . . . or for any heading of the report which is a fair and true headnote of the statement published." N.Y. CIVIL RIGHTS LAW § 74. "For a report to be characterized as 'fair and true' within the meaning of the statute, thus immunizing its publisher from a civil suit sounding in libel, it is enough that the substance of the article be substantially accurate." Holy Spirit Ass'n for Unification of World Christianity v. N.Y. Times Co., 49 N.Y.2d 63, 67 (1979); see Shulman v. Hunderfund, 12 N.Y.3d 143, 150 (2009). And statements that are "pure opinion" are protected by the First Amendment and are not actionable as defamation. Steinhilber v. Alphonse, 68 N.Y.2d 283, 289 (1986). We conclude that the Post article is not defamatory substantially for the reasons set forth in the District Court's memorandum and order of September 23, 2016.

6

III. <u>Fair Labor Standards Act</u>

Burke argues that the District Court ignored his claim under the Fair Labor Standards Act (FLSA). But as Burke acknowledged at oral argument, Burke did not make that claim until his second amended complaint, which the District Court allowed only for purposes of repleading his discrimination and retaliation claims. Accordingly, the District Court did not err in declining to consider this claim. Moreover, even if we were to consider Burke's FLSA claim, <u>see</u> <u>Abbas</u>, 480 F.3d at 639, the claim would still fail. Burke alleged that the NYCTA owes him money pursuant to an employment contract, that he was not paid for 10 hours of overtime that he worked, and that he was not properly compensated for sick time and vacation days. Given that Burke did not allege "a single workweek in which [he] worked at least 40 hours and also worked uncompensated time in excess of 40 hours," his claims in this regard are insufficient. <u>See</u> <u>Lundy v. Catholic Health Sys. of Long Island Inc.</u>, 711 F.3d 106, 114 (2d Cir. 2013); <u>see also</u> <u>Nakahata v. New York-Presbyterian Healthcare Sys.</u>, 723 F.3d 192, 201 (2d Cir. 2013).

We have considered Burke's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court