Farooq v. City of New York

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of March, two thousand twenty-two.

PRESENT:
    JOHN M. WALKER, JR.,
    MICHAEL H. PARK,
    MYRNA PÉREZ,
        *Circuit Judges.*

_____

UMER FAROOQ,

        *Plaintiff-Appellant*,

    v.                                          20-3185

CITY OF NEW YORK, NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, HARLEM HOSPITAL CENTER, EBONE CARRINGTON, Chief Executive Officer of Harlem Hospital Center, in her individual and official capacity, HINNAH FAROOQI, Associate Executive Director of New York City Health and Hospitals Corporation, in her individual and official capacity,

        *Defendants-Appellees.*

_____

FOR PLAINTIFF-APPELLANT:          SCOTT A. KORENBAUM, New York, NY
                                  (Luna Droubi, Beldock Levine & Hoffman

LLP, New York, NY, *on the brief*), New York, NY.

**FOR DEFENDANTS-APPELLEES:**   Antonella Karlin, Assistant Corporation Counsel (Richard P. Dearing, Jane L. Gordon, *on the brief*), for James E. Johnson, Corporation Counsel of the City of New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Furman, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff Umer Farooq, a Muslim Pakistani man, was employed by Defendant Harlem Hospital Center ("HHC") as a pharmacist since April 2006. After he was suspended without pay and formal notice in June 2019, Farooq filed suit against HHC, two of its executives, and the New York City Health and Hospital Corporation ("NYCHHC") (collectively, "Defendants"). As relevant to this appeal, Farooq asserts a claim under 42 U.S.C. § 1983 for violation of his procedural due process right under the Fourteenth Amendment, discrimination and retaliation under Title VII of the Civil Rights Act of 1964, discrimination under 42 U.S.C. § 1981, and related state- and city-law claims. As the basis for his discrimination and retaliation claims, Farooq asserts that Defendant Hinnah Farooqi, the Associate Executive Director of HHC, established discriminatory hiring practices at the hospital and retaliated against Farooq when he filed an internal complaint.

After the suit was filed, HHC modified Farooq's suspension to with pay, retroactively reimbursed him back pay, and served him with formal notice of charges against him. Defendants then moved to dismiss Farooq's complaint under Federal Rule of Civil Procedure 12(b)(6). The district court granted the motion, finding that Farooq did not adequately plead his federal and state-

law claims. The court declined to exercise supplemental jurisdiction over the remaining city-law claims. Farooq appeals, claiming that the district court erred by finding that his suspension did not implicate his procedural due process right and by failing to draw all reasonable inferences in his favor on the retaliation and discrimination claims. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

## I.       Standard of Review

We "review[] *de novo* a district court's grant of a motion to dismiss under Rule 12(b)(6)," accepting all factual allegations in the complaint as true and drawing all inferences in the plaintiff's favor. *Littlejohn v. City of New York*, 795 F.3d 297, 306 (2d Cir. 2015). To survive a motion to dismiss, the pleadings must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

## II.      Procedural Due Process

The district court properly dismissed Farooq's procedural due process claim because he failed to allege a deprivation of a constitutionally protected property interest. "To determine whether a plaintiff was deprived of property without due process of law in violation of the Fourteenth Amendment, we must first identify the property interest involved. Next, we must determine whether the plaintiff received constitutionally adequate process in the course of the deprivation." *O'Connor v. Pierson*, 426 F.3d 187, 196 (2d Cir. 2005). "Property interests are not generally constitutionally established; rather, 'they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits.'" *Rolon v. Henneman*, 517 F.3d 140, 148 (2d Cir. 2008) (quoting *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972)).

3

Farooq fails to identify the deprivation of a property interest that could serve as a predicate for his claim. He does not dispute that state law and NYCHHC regulations allowed HHC to suspend Farooq for thirty days without pay. *See* App'x at 76; N.Y. Civ. Serv. L. § 75(3). He was thus not entitled to pay during the first thirty days of any suspension. Furthermore, HHC reinstated Farooq's salary and benefits three weeks after his suspension began—retroactive to the date of his suspension—and provided him with a notice of formal charges. Farooq thus suffered no loss of income.

Farooq argues that he was deprived of the right to receive formal written notice of the charges against him at the time of his suspension. But Farooq's purported right to this notice—originating from the same state law that allows HHC to suspend him without pay for up to thirty days—is not the type of substantive interest that could support his procedural due process claim. "Process is not an end in itself. Its constitutional purpose is to protect a substantive interest to which the individual has a legitimate claim of entitlement." *Olim v. Wakinekona*, 461 U.S. 238, 250 (1983). The purpose of the formal notice requirement is to protect deprivation of interests implicated by a suspension, such as salary and employment benefits. Because HHC retroactively restored these interests within thirty days of suspension, Farooq was not deprived of a property right in any meaningful sense.[1] Thus, we affirm the district court's dismissal of Farooq's procedural due process claim.

---

[1] Even if we were to find that the notice requirement constitutes a property interest, it would not be protected under the Due Process Clause. The state law and NYCHHC regulations that Farooq relies on do not contain "substantive limitations on official discretion." *Olim*, 461 U.S. at 249; *see also Bellin v. Zucker*, 6 F.4th 463, 475–76 (2d Cir. 2021). They provide only that an "employee against whom . . . charges have been preferred *may* be suspended without pay for a period not exceeding thirty days." App'x at 76 (emphasis added); N.Y. Civ. Serv. L. § 75(3).

### III. Discrimination

To plead a Title VII discrimination claim, a plaintiff must "establish a *prima facie* case of . . . discrimination by demonstrating that (1) he was within the protected class; (2) he was qualified for the position; (3) he was subject to an adverse employment action; and (4) the adverse action occurred under circumstances giving rise to an inference of discrimination." *Menaker v. Hofstra Univ.*, 935 F.3d 20, 30 (2d Cir. 2019) (cleaned up). "The facts required . . . to be alleged in the complaint need not give plausible support to the ultimate question of whether the adverse employment action was attributable to discrimination. They need only give plausible support to a minimal inference of discriminatory motivation." *Littlejohn*, 795 F.3d at 311. A plaintiff may satisfy this burden by alleging facts such as "the employer's criticism of the plaintiff's performance in ethnically degrading terms; or its invidious comments about others in the employee's protected group; or the more favorable treatment of employees not in the protected group; or the sequence of events leading to the plaintiff's discharge." *Id.* at 312 (citation omitted).

Assuming Farooq's suspension and removal from the hospital on June 21, 2019 constituted adverse employment actions, we affirm the district court's conclusion that Farooq's pleadings fail to "give plausible support to a minimal inference of discriminatory motivation." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 84 (2d Cir. 2015) (citation omitted). Farooq argues that the district court erred by ignoring his allegations that: (1) Farooqi criticized Farooq's communication style and mocked spelling errors in Farooq's emails and (2) "a number of similarly situated, non-Pakistani, non-Sunni Muslim employees" were "treated more favorably than Dr. Farooq and other pharmacists like him." Appellant's Br. at 28–30. Neither set of allegations raises a minimal inference of discriminatory motive.

The SAC's allegations that Farooqi "focus[ed] on [Farooq's] communication style" rather

than respond to his "assessment of the issues in the pharmacy" in one email, App'x at 147, and "mocked his spelling errors" in another email, *id.* at 153, raise no plausible inference of an invidious motive. Farooq does not plead any facts demonstrating that these comments were made because of his ethnicity or religion. And there is nothing improper about a high-level manager critiquing a subordinate's communication style or correcting his spelling errors. *See Khalaf v. Ford Motor Co.*, 973 F.3d 469, 488 (6th Cir. 2020) (collecting cases that have "recognized the difference between comments motivated by discriminatory intent and legitimate job-specific-related critiques"). To the extent that Farooq found these comments to be insensitive or callous, "mistreatment at work[] . . . is actionable under Title VII only when it occurs because of an employee's . . . protected characteristic," *Brown v. Henderson*, 257 F.3d 246, 252 (2d Cir. 2001).

Nor does Farooq plausibly raise a minimal inference of discriminatory intent by alleging that any non-Pakistani, non-Sunni Muslim employees were treated more favorably than he was.[2] Instead, Farooq describes the purported disparate treatment of Pakistani employees other than himself, as compared to more favorably treated non-Pakistani, non-Sunni Muslim employees. To raise an inference of discrimination, "a plaintiff must allege that *she* was similarly situated in all material respects to the individuals with whom she seeks to compare *herself*." *Brown v. Daikin Am. Inc.*, 756 F.3d 219, 230 (2d Cir. 2014) (cleaned up) (emphasis added). But that same method of proof has less force when, as here, a plaintiff relies on allegations of an employer's disparate treatment of individuals *other* than the plaintiff. At best, these facts may show a general practice of discrimination, which could support a plaintiff's assertion that an improper motive infected the

---

[2] Farooq alleges only that he was asked, without explanation, to return keys to a shared office while "a non-Pakistani clinical pharmacist who . . . was far less senior[] was not asked to return the keys." App'x at 148. Yet, apart from seniority, Farooq fails to plead any facts showing that he was similarly situated to this employee.

employer's decision as to the plaintiff himself.[3]

Farooq fails to establish even this attenuated inference. He does not plead any facts showing that the more favorably treated employees were "similarly situated in all material respects" to those purportedly subject to disparate treatment. *Id.* (citation omitted); *see Norville v. Staten Island Univ. Hosp.*, 196 F.3d 89, 96 (2d Cir. 1999) (explaining that, for purposes of a plaintiff's prima facie case at summary judgment, "[i]n order for employees to be similarly situated . . . they must have been subject to the same standards governing performance evaluation and discipline[] and must have engaged in conduct similar to the plaintiff's" (cleaned up)). Farooq alleges that five non-Pakistani pharmacists were promoted within ten years of being hired. He then claims that two pharmacists—one "older Pakistani man" who has "worked at [HHC] for approximately 22 years," and another "71-year-old Pakistani pharmacist" who holds "a medical degree, in addition to a pharmacy degree," and has been at the HHC for 30 years—have not. App'x at 152. Without more, these allegations raise no minimal inference of a general discriminatory practice at HHC, let alone an inference of discriminatory motive against Farooq. The SAC fails to describe the qualifications or duties of the favorably treated employees, the circumstances surrounding their promotions, or even whether they were under the supervision of the same individuals and held to identical standards as the employees in Farooq's protected class. The

---

[3] Defendants categorize these allegations as "pattern and practice" evidence. Appellees' Br. at 53–54. We have previously held that an individual plaintiff may not proceed under a "pattern-or-practice" method of proof endorsed by the Supreme Court in *International Brotherhood of Teamsters v. United States*, 431 U.S. 324 (1977). *See Chin v. Port Auth. of N.Y. & N.J.*, 685 F.3d 135, 149 (2d Cir. 2012). That method of proof required a plaintiff to prove "only the existence of a discriminatory policy rather than all elements of a prima facie case of discrimination." *Id.* (citation omitted). We held that while an individual plaintiff may not rely on this relaxed framework, "proof that an employer engaged in a pattern or practice of discrimination may" still "be of substantial help in demonstrating an employer's liability in the individual case," as long as the plaintiff meets "each element of his or her claim." *Id.* Thus, the ultimate inquiry remains whether this evidence supports a minimal inference of Defendants' discriminatory intent.

7

district court did not err in dismissing Farooq's discrimination claims.[4]

## IV. Retaliation

"[F]or a retaliation claim to survive . . . a motion to dismiss, the plaintiff must plausibly allege that: (1) defendants discriminated—or took an adverse employment action—against him, (2) 'because' he has opposed any unlawful employment practice." *Vega*, 801 F.3d at 90 (citation omitted). "[A] plaintiff must plausibly plead" causation, i.e., "a connection between the act and his engagement in protected activity." *Id.* "Unlike Title VII discrimination claims, however, for an adverse retaliatory action to be 'because' a plaintiff made a charge, the plaintiff must plausibly allege that the retaliation was a 'but-for' cause of the employer's adverse action." *Id.* (citing *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 360 (2013)). We agree with the district court that Farooq did not plausibly allege that he was suspended because of his engagement in a protected activity.

The SAC alleges that Farooq engaged in one protected activity: he filed an internal complaint with HHC's Equal Employment Office ("EEO") department in January 2019.[5] Yet

---

[4] Farooq asserts discrimination claims against all Defendants under 42 U.SC. § 1981. The district court correctly noted that "the express cause of action for damages created by [section] 1983 constitutes the exclusive federal remedy for violation of the rights guaranteed in [section] 1981 by state governmental units." *Duplan v. City of New* York, 888 F.3d 612, 619 (2d Cir. 2018) (cleaned up). The court instead construed Farooq's claims as proceeding under section 1983. Even if we construe Farooq's section 1981 claims as proceeding under section 1983, they fail because section 1983 and Title VII claims are analyzed under a substantially identical framework. *See Feingold v. New York*, 366 F.3d 138, 159 (2d Cir. 2004).

[5] Farooq claims that he also engaged in a protected activity through an April 30, 2019 letter sent to Defendant Carrington, the CEO and COO of HHC. The SAC maintains that "[o]n April 30, 2019, counsel for a number of the older Pakistani pharmacists sent a letter to . . . Defendant Eboné M. Carrington, informing her of their concerns about Dr. Farooqi's discriminatory practices in the Pharmacy Department." App'x at 151. The SAC does not claim that Farooq was either mentioned in this letter or signed it. The district court thus correctly held that it could not constitute a protected activity for Farooq's retaliation claim. In his appellate brief, Farooq's counsel states that the letter was also sent on Farooq's behalf, and that the "failure to specifically allege" this was "an oversight on counsel's part." Appellant's Br. at 33. Our review of Farooq's claim is, however, limited to what he pleaded in his complaint. *See Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998) ("[A] party may not amend [a] pleading through statements in briefs."). Moreover, Farooq was granted leave to amend before the district court resolved Defendants'

Farooq alleges no facts showing that his suspension was the result of this complaint. As the district court explained, his retaliation claim rests entirely on the temporal proximity between his filing of the EEO complaint in January 2019 and his suspension some five months later in June 2019.[6] "We have not drawn a bright line to define the outer limits beyond which a temporal relationship is too attenuated to establish a causal relationship between the exercise of a federal constitutional right and an allegedly retaliatory action." *Espinal v. Goord*, 558 F.3d 119, 129 (2d Cir. 2009) (cleaned up). But in the absence of additional allegations supporting causation, "mere temporal proximity" must be "very close" to establish a causal connection between the protected activity and an adverse employment action. *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001) (citation omitted). The five-month temporal gap here, standing alone, is insufficient to plead causation. *See Hollander v. Am. Cyanamid Co.*, 895 F.2d 80, 85–86 (2d Cir. 1990) (concluding that a period of three-and-a-half-months between a protected activity and the employer's adverse action failed to establish a causal connection).

* * *

motion to dismiss, and he did not request another opportunity to replead after filing the SAC and receiving a preview of Defendants' motion to dismiss.

[6] Farooq argues that the SAC pleads facts other than temporal proximity that plausibly support causation. We disagree. Farooq relies on his allegations that Farooqi appointed a non-Pakistani man, Hans Go, to manage Farooq "with the apparent mission of harassing him without basis." App'x at 155. The only example that Farooq lists of such harassment is that "Mr. Go chastised Dr. Farooq for using sick days" after "informing Dr. Farooq that a 'red flag' ha[d] been raised because he 'called out several times within a six-month period.'" *Id.* This allegation fails to show causation or a retaliatory motive. To the contrary, it explains a non-retaliatory reason for Go's actions. Farooq also maintains that he "was suddenly assigned as a 'Clinical Supervisor of the Day' once a week in the Inpatient Main Pharmacy." *Id.* But Farooq provides no facts from which we could reasonably infer that this change was in response to the filing of his EEO complaint. It is not clear why this reassignment was improper, who made this decision, and whether they knew of Farooq's internal complaint.

9

We have considered the remainder of Farooq's arguments and find them to be without merit. For the foregoing reasons, we affirm the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court