21-266-cv
Massaro v. New York City Department of Education

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 2nd day of June, two thousand twenty-two.

Present:     DENNIS JACOBS,
             ROSEMARY S. POOLER,
             STEVEN J. MENASHI,

                    *Circuit Judges*.

_____

YVONNE T. MASSARO,

                    *Plaintiff-Appellant*,

            v.                                                    21-266-cv

NEW YORK CITY DEPARTMENT OF EDUCATION,
BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF
THE CITY OF NEW YORK,

                    *Defendants-Appellees*.

_____

Appearing for Appellant:     Natalia Kapitonova, Stewart Lee Karlin Law Group, P.C. (Stewart Lee Karlin, *on the brief*), New York, N.Y.

Appearing for Appellee:     Julia Steiner, Assistant Corporation Counsel (Richard P. Dearing, Scott Shorr, *on the brief*), *for* Georgia M. Pestana, Corporation Counsel of the City of New York, New York, N.Y.

Appearing for the Equal Employment Opportunity Commission as *amicus curiae* in support of Appellant:

James M. Tucker, Office of General Counsel, (Jennifer S. Goldstein, Associate General Counsel, Elizabeth E. Theran, Assistant General Counsel, *on the brief*), *for* Gwendolyn Young Reams, Acting General Counsel, Washington, D.C.

Appeal from the United States District Court for the Southern District of New York (Schofield, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the opinion and order of said District Court be and it hereby is **AFFIRMED**.

Yvonne T. Massaro appeals from the January 19, 2021 opinion and order of the United States District Court for the Southern District of New York (Schofield, *J.*), granting in part defendants' motion for summary judgment on Massaro's claim that defendants retaliated against her in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq. ("ADEA"). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We review a district court's grant of summary judgment de novo. *Mauro v. S. New England Telecomms., Inc*., 208 F.3d 384, 386 (2d Cir. 2000). In reviewing a grant of summary judgment, the court must draw all available inferences in favor of the non-moving party. *Distasio v. Perkin Elmer Corp*., 157 F.3d 55, 61 (2d Cir. 1998). To present a prima facie case of retaliation under the ADEA, a plaintiff must show evidence sufficient to permit a rational trier of fact to find: (1) that she engaged in protected activity under the ADEA, (2) that the employer was aware of this activity, (3) that the employer took adverse action against the plaintiff, and (4) that a causal connection exists between the protected activity and the adverse action, i.e., that a retaliatory motive played a part in the adverse employment action. *Kessler v. Westchester Cnty. Dep't of Soc. Servs.*, 461 F.3d 199, 205-06 (2d Cir. 2006) (citation omitted).

A retaliation claim under the ADEA follows the burden-shifting approach set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 110 (2d Cir. 2010). Under the *McDonnell Douglas* framework, the plaintiff bears the initial burden of establishing a prima facie case of retaliation. *Id*. at 106. Once the plaintiff does so, the burden shifts to the defendant to articulate "some legitimate, nondiscriminatory reason" for the adverse action. *Id.* If the defendant is able to provide a reason, "the plaintiff can no longer rely on the prima facie case, but may still prevail if she can show that the employer's determination was in fact the result of [retaliation]." *Id.*

The parties do not dispute that the first two elements of the prima facie case are met here. Instead, the parties dispute (1) whether some of the events described are time-barred; (2) whether the DOE's conduct was materially adverse; and (3) whether the causation element is met.

The district court held that because the ADEA has a 300-day statute of limitations that runs from the date of the alleged unlawful employment practice, and Massaro filed her EEOC complaint on August 3, 2016, "[a]ny allegedly retaliatory conduct occurring prior to October 8,

2015, is barred by the statute of limitations, unless Plaintiff can establish a continuing violation for conduct before that date." *Massaro v. Bd. of Ed.*, 17 Civ. 8191 (LGS), 2021 WL 184364, at *3 (S.D.N.Y. Jan. 19, 2021). The district court held that Massaro failed to establish a continuing violation, stating that plaintiff only alleged discrete acts that were not the result of a retaliatory policy. *Id.*

The continuing violation doctrine states that "a plaintiff may bring claims for discriminatory acts that would have been barred by the statute of limitations as long as an act contributing to that [discrimination] took place within the statutory time period." *Papelino v. Albany Coll. of Pharmacy of Union Univ.*, 633 F.3d 81, 91 (2d Cir. 2011) (internal quotation marks, alterations, and citation omitted). Therefore, "a continuing violation may be found where there is proof of specific ongoing discriminatory policies or practices, or where specific and related instances of discrimination are permitted by the [defendant] to continue unremedied for so long as to amount to a discriminatory policy or practice." *Cornwell v. Robinson*, 23 F.3d 694, 704 (2d Cir. 1994). The doctrine applies to claims "composed of a series of separate acts that collectively constitute one unlawful employment practice." *Washington v. Cnty. of Rockland*, 373 F.3d 310, 318 (2d Cir. 2004) (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 111 (2002)). The continuing violation doctrine thus applies not to discrete unlawful acts, even where those discrete acts are part of a "serial violation[]," but to claims that by their nature accrue only after the plaintiff has been subjected to some threshold amount of mistreatment. *Morgan*, 536 U.S. at 114-15. Accordingly, where the continuing violation doctrine applies, the limitations period begins to run when the defendant has "engaged in enough activity to make out an actionable . . . claim." *Id.* at 117. A claim will be timely, however, if the plaintiff "allege[s] . . . some non-time-barred acts" contributing to the alleged violation. *Harris*, 186 F.3d at 250.

Massaro's evidence is comprised of discrete acts that do not make up a series of violations within the meaning of the continuing violation act. Massaro fails to provide any evidence that would support her contention that her employer's actions against her were a series of repeated retaliatory practices. Instead, Massaro describes an unpleasant work environment, multiple one-off actions, but nothing that would reach the level of an ongoing retaliatory practice such that we should consider her time-barred conduct.

Finally, as the district court held, Massaro failed to allege causation. Causation can be established either directly through evidence of retaliatory animus or indirectly by demonstrating that the adverse employment action followed quickly on the heels of the protected activity or through other evidence such as disparate treatment of fellow employees. *Gordon v. N.Y.C. Bd. of Educ.*, 232 F.3d 111, 117 (2d Cir. 2000). Massaro concedes that she cannot show direct evidence of retaliatory animus, but her efforts to show indirect causation fail as well.

Even assuming the district court erred in failing to consider time-barred evidence as background evidence, *Morgan*, 536 U.S. at 113, Massaro has not shown temporal proximity. When the plaintiff relies on temporal proximity alone, "the temporal proximity must be very close." *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001) (internal quotation marks omitted). The conduct Massaro describes as occurring in retaliation for her 2011 lawsuit transpired over the course of numerous school years. This is insufficient to demonstrate temporal proximity, which we have stated is generally insufficient to establish causation "after about three

months." *Berrie v. Bd. of Educ. of Port Chester-Rye Union Free Sch. Dist.*, 750 F. App'x 41, 49 (2d Cir. 2018) (citing *Hollander v. Am. Cyanamid Co.*, 895 F.2d 80, 85 (2d Cir. 1990)). The district court also properly found that "the overwhelming record evidence shows that fellow teachers worked under similar conditions as Plaintiff, including comparable schedules, class sizes and compositions, and access to educational resources." *Massaro*, 2021 WL 184364, at *5.

We have considered the remainder of Massaro's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4